The STATE of Ohio, Appellee,

v.

OHMER, Appellant.

[Cite as *State v. Ohmer*, 162 Ohio App.3d 150, 2005-Ohio-3487.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040871.

Decided July 8, 2005.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

Derek W. Gustafson, for appellant.

MARK P. PAINTER, Judge.

{¶ 1} When a sexually oriented offender moves, the offender has to report the move. Homelessness is not a defense. If an offender moves from a properly registered address, he must notify the sheriff of his new address, even if the new address is "homeless."

{¶ 2} Defendant-appellant, John Ohmer, appeals his conviction for failing to register a change of address in violation of R.C. 2950.05(E). We affirm.

## I.   Out of Jail, Out of a Home, and Out of Luck

{¶ 3} In October 2003, Ohmer was required to register his address with the Hamilton County Sheriff's office because he had been convicted of a sexually oriented offense a few years earlier. After his release from jail for a previous registration offense, Ohmer registered an address at a hotel in Cincinnati.

{¶ 4} When his parole officer, Cybil Cannon, went to visit him at the address, she noticed that it was directly across the street from a school—a violation of the "one thousand feet" rule for sex offenders.[1]   Ohmer was not home, so Cannon left him a note saying that Ohmer should call her and explaining that Ohmer could

---

1.   R.C. 2950.031.

not live at that address because of its proximity to the school. Cannon did not see or hear from Ohmer until his trial.

{¶ 5} Ohmer left that residence and began to look for another. He tried the Drop-Inn Center, as well as several other shelters, but there was no room. Ohmer was homeless for a short time before moving in with a relative in Kentucky. Ohmer never contacted the sheriff's office to register during this transitory period.

{¶ 6} Cannon reported Ohmer's absence, and he was declared a parole violator and arrested. At trial, Cannon testified regarding her note and Ohmer's history. Deputy Rodney Schaible testified regarding Ohmer's status as a sexually oriented offender and explained how the registration process worked. Ohmer also testified, claiming that he never received Cannon's note but that he had moved because he knew there was a problem with his living in the hotel. Ohmer said that he had been forced to move out of two previous residences because of their proximity to schools and that Cannon had told him a month earlier that he could not live at the hotel any longer. He explained how he was turned away from the shelters and had to become homeless for a time.

{¶ 7} Ohmer's defense was that he never got Cannon's note, so he did not know that he was supposed to contact her, and that he had been ordered to leave his residence, so he could not have been found guilty. After a bench trial, the trial court disagreed and sentenced him to one year in prison.

{¶ 8} Ohmer assigns only one error—namely, that the trial court committed error in convicting him. He cites two issues: (1) because Cannon had ordered him to move, he could not comply with R.C. 2950.05(E), and (2) because he was homeless, he could not be convicted for failing to register a change of address.

## II. Cannon's "Order"

{¶ 9} Though he has not couched it in the exact terms, we address Ohmer's assignment as a challenge to the sufficiency and the manifest weight of the evidence.

{¶ 10} In reviewing a record for sufficiency, we must determine whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution.[2]

---

2. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

{¶ 11} A review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror." [3] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. [4] And a new trial should be granted on the weight of the evidence only in exceptional cases. [5]

{¶ 12} R.C. 2950.05(E)(1) states simply, "No person who is required to notify a sheriff of a change of address * * * shall fail to notify the appropriate sheriff in accordance with that division." There is no dispute that Ohmer was required to notify a sheriff of any changes of address. And there is no dispute that Ohmer did not notify a sheriff when he left his residence. Ohmer instead relies on what appear to be two separate claims of impossibility—one relating to Cannon's instructions to move, and one relating to homelessness.

{¶ 13} Ohmer argues that Cannon's note that informed him that he had to move excused him from registering a change of address. Not so. Cannon testified that she expected Ohmer to call her rather than just moving immediately. Ohmer took it upon himself to leave and not to tell anybody about it. It is not clear whether Ohmer ever received Cannon's note, but Ohmer testified that he knew that he had to leave the residence after a meeting with Cannon about a month earlier. There was plenty of time for Ohmer to notify the sheriff (or at least to call Cannon) before moving.

{¶ 14} Ohmer also argues that it was impossible for him to comply with R.C. 2950.05(E) because he could not provide 20 days' notice to the sheriff. He cites *State v. Ascione* for the proposition that impossibility is a defense to the registration requirement. [6]

{¶ 15} Ohmer is correct that *Ascione* allows for the defense of impossibility. But in that case, the defendant had been forced by his in-laws to leave their home, where he had been staying. He had been in effect evicted, and the circumstances were beyond his control. But nothing in the record suggests that Cannon, or anybody else, told Ohmer that he had to move immediately. If Ohmer had left the hotel and immediately moved to a proper address, obviously the 20–day notice requirement would have been impossible. But Ohmer was not

3.  *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.

4.  *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.

5.  *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717.

6.  5th Dist. No. 2003CA00001, 2003-Ohio-4145, 2003 WL 21804669.

forced to leave his residence immediately; he simply chose to leave and not to register a change of address. His argument is not well taken.

### III. Homelessness as a Defense?

{¶ 16} Ohmer also argues that he could not be convicted for failing to register a change of address because he was homeless for a time.

{¶ 17} But at least two appellate districts have rejected similar arguments. In *State v. Parrish,* the Fifth Appellate District held that the purpose of the reporting statute was to permit the sheriff to locate and keep track of sexually oriented offenders.[7] The court stated, "[T]o allow a homeless defense to the registration provision would frustrate the legislative purpose."[8]

{¶ 18} In *State v. Beasley,* the Eighth Appellate District addressed the question whether an address change occurs only when an offender takes a new address.[9] The court called the argument "sophistry" and noted, "An address 'changes' when one no longer lives at that address."[10] Thus Ohmer could have registered his departure from the hotel and listed "homeless" as a temporary address. But he listed no new address, even after he had moved to Kentucky.

{¶ 19} And, as we have already noted, this is not a situation like the one in *Ascione* where compliance with the statute was impossible.

{¶ 20} A new version of the statute took effect earlier this year, and it specifically describes an offender's registration responsibilities when he is not moving to a fixed address. In such a case, the offender must include "a detailed description of the place or places at which the offender * * * intends to stay."[11] The offender must then notify the sheriff's office at the end of the first business day after the offender has obtained a fixed address. This means that an offender can now register as homeless, as long as he describes his intended residence. While the statute in effect at the time of Ohmer's failure to register contained no similar language, we see no reason why he could not have registered as homeless at that time.[12]

---

7. (Dec. 18, 2000), 5th Dist. No. 00–CA–0070, 2000 WL 1862821.

8. Id.

9. (Sept. 27, 2001), 8th Dist. No. 77761, 2001 WL 1152871.

10. Id.

11. See R.C. 2950.05(A), as amended by 2004 Am.Sub. H.B. No. 473, effective April 29, 2005.

12. Former R.C. 2950.05, 2003 Sub.S.B. No. 5.

{¶ 21} We agree that a sexually oriented offender's homelessness does not excuse him from the registration requirements, especially where the offender has taken it upon himself to move out of his residence without informing anybody about it.

{¶ 22} We therefore overrule Ohmer's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

GORMAN, P.J., and HENDON, J., concur.