DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Antwaun Smith, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Following a police report that appellant had touched the private area of a minor girl, police began an investigation. Through their investigation, the police learned from the victim, N.L., that appellant had touched her inappropriately while she was staying at her aunt's house. N.L. recounted the event immediately to her cousin. N.L.'s cousin then informed her aunt of what had happened. N.L.'s aunt encouraged her to tell her mother what had happened and N.L. complied with the request. N.L.'s mother than made the decision to alert the police.
 {¶ 3} As a result of the alleged events, appellant was indicted on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4) and one count of failing to register in violation of R.C. 2950.05. Following a jury trial, appellant was convicted of both counts and sentenced to eight years in jail. Appellant timely appealed his convictions, raising three assignments of error.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED THE PROCEEDINGS TO GO FORWARD IN THE FACE OF IMPROPER AND PREJUDICIAL COMMENTS BY MEMBERS OF THE VENIRE."
 {¶ 4} In his first assignment of error, appellant contends that the trial court committed plain error when it failed to sua sponte order a mistrial following comments made by potential jurors during voir dire. This Court disagrees.
 {¶ 5} Appellant did not object to the juror's comments, nor move for a mistrial as a result of those comments. Therefore, appellant has argued that the trial court committed plain error. Pursuant to Crim.R. 52(B), a plain error that affects a substantial right may be noticed by an appellate court despite not being brought to the attention of the trial court. However, notice of a plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice. Ohio v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 12. Therefore, this Court will not reverse the trial court decision unless it has been established that the trial court outcome would have clearly been different but for the alleged error. Id.
 {¶ 6} During voir dire, several potential jurors indicated that they might "hold it against" appellant if his eleven-year-old victim was forced to testify at trial. The record, however, does not reveal whether any of these potential jurors actually served on appellant's jury. In addition, every other juror noted during voir dire that they could act in a fair and impartial manner. While appellant urges that State v.Sanders (2001), 92 Ohio St.3d 245, compels this Court to presume bias, we are not persuaded by such an argument. Sanders, in fact, supports a finding that the instant circumstances do not amount to plain error.
 {¶ 7} Sanders makes clear that bias should only be presumed when a potential juror makes repeated, definite statements of opinion concerning a matter germane to trial. Id. at 248. In the instant matter, the potential juror's statements were neither. The juror's responses indicated that she could hold it against the defendant if his young victim were forced to testify, but she also stated that she could maintain an open mind and follow the law as instructed by the trial court. Further, the juror's responses were short and limited to the questions posed, which were not objected to by appellant. Accordingly, this is not the type of case where bias should be presumed and appellant has not demonstrated that the outcome of his trial would have been different but for the potential juror's comments. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR A MISTRIAL IN THE FACE OF IMPROPER AND PREJUDICIAL OTHERA-CTS EVIDENCE."
 {¶ 8} In his second assignment of error, appellant asserts that the trial court erred in denying his motion for a mistrial. Specifically, appellant argues that the trial court should have granted his motion because improper other acts evidence was introduced at trial. This Court disagrees.
 {¶ 9} When considering a motion for mistrial, the trial court must determine whether the substantial rights of the accused have been adversely affected. State v. Damberger (Aug. 30, 2000), 9th Dist. No. 3024-M, citing State v. Nichols (1993),85 Ohio App.3d 65, 69. A court may grant a mistrial when a fair trial is no longer possible. State v. Franklin (1991),62 Ohio St.3d 118, 127. Great deference is afforded to a trial court's decision regarding a motion for mistrial and the court's ruling will be reversed only upon the showing of an abuse of discretion. Statev. Glover (1988), 35 Ohio St.3d 18, 20. An abuse of discretion is more than a mere error of law or judgment and implies that the court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 10} During cross-examination by appellant's counsel, Detective John Rood was asked whether appellant had made efforts to comply with the registration statute. In response, Detective Rood noted that appellant had been convicted of the registration offense on three prior occasions. Appellant asserts that Detective Rood's response mandated an immediate mistrial. The record, however, does not indicate that appellant moved for a mistrial until the close of the State's case. Assuming arguendo that appellant has not waived any error, appellant cannot establish any prejudice resulting from the alleged error.
 {¶ 11} Immediately following Detective Rood's answer, the trial court instructed the jury as follows:
"Ladies and Gentlemen of the jury, you will disregard that last question and answer and not consider them for any purpose."
It is presumed that the jury will follow the court's instructions when they are told to disregard evidence. State v.Gurley (May 9, 1990), 9th Dist. No. 14360, citing Browning v.State (1929), 120 Ohio St. 62, 72. Absent evidence to rebut such presumption, we hold that Detective Rood's alleged improper statements did not prejudice appellant. The trial court, therefore, did not abuse its discretion in denying appellant's motion for a mistrial. Accordingly, appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT SMITH'S MOTION FOR JUDGMENT OF ACQUITTAL."
 {¶ 12} In his final assignment of error, appellant argues that the trial court erred in denying his motion for acquittal. This Court disagrees.
 {¶ 13} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386. Accordingly, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) Jackson v. Virginia (1979), 443 U.S. 307,319.
 {¶ 14} R.C. 2950.05(A)/(E)(1) provides as follows:
"If an offender * * * is required to register pursuant to section 2950.04 or 2950.041 of the Revised Code, the offender * * *, at least twenty days prior to changing the offender's * * * residence address, or the offender, at least twenty days prior to changing the address of the offender's school or institution of higher education and not later than five days after changing the address of the offender's place of employment, during the period during which the offender * * * is required to register, shall provide written notice of the residence, * * * to the sheriff with whom the offender * * * most recently registered the address under section 2950.04 or 2950.041 of the Revised Code or under division (B) of this section.
"No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section shall fail to notify the appropriate sheriff in accordance with that division."
In support of its case, the State presented evidence that appellant lived with a woman, Lanetta Williams, for at least one week. Appellant urges that he did not violate his duty to register because he never intended to stay indefinitely with Ms. Williams and as such, he was not required to report the change of address. This Court finds that appellant's argument lacks merit.
 {¶ 15} Prior to living with Ms. Williams, appellant had registered as homeless with the sheriff's department and described the location of where he was generally located. Upon moving in with Ms. Williams, appellant made no attempt, either prior to or subsequent to moving, to notify the sheriff's department of his new address. We note that the purpose of the reporting statute is to permit the sheriff's department to locate and keep track of sexually oriented offenders. State v. Ohmer,162 Ohio App.3d 150, 2005-Ohio-3487, at ¶ 17. Further, an address change occurs "when one no longer lives at that address." Statev. Beasley (Sept. 27, 2001), 8th Dist. No. 77761. While appellant urges that he did not intend to stay indefinitely with Ms. Williams, permitting such an argument would defeat the legislative purpose of the reporting statute. As appellant's cross-examination of Detective Rood revealed, sexually oriented offenders often do not have permanent residences. Permitting those offenders to escape any reporting requirement would vastly undermine the effectiveness of the statute. Appellant is required to report any change of residence. The statute makes no mention of permanent residency, and this Court is not inclined to graft such a requirement onto the statute. See Ohmer, at ¶ 18 (noting that even a "temporary address" must be reported when an offender has left a previous address).
 {¶ 16} During trial, appellant made no showing that he was incapable of contacting the sheriff's office once he moved in with Ms. Williams. Accordingly, appellant has demonstrated no defense to his failure to register his change of address. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that appellant failed to register his change of address. Appellant's third assignment of error is overruled.
 III. {¶ 17} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. Moore, J. concur.