DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomas J. Harpley, appeals from his conviction in the Summit County Court of Common Pleas for forgery. We affirm.
 I. {¶ 2} On February 18, 2005, the Summit County Grand Jury indicted Appellant on six counts of forgery, in violation of R.C.2913.31(A)(3), felonies of the fourth degree. Appellant pled not guilty to the charges. These charges were based on incidents alleged to have occurred on six separate occasions between July 2003 and May 2004. The incidents involved the withdrawal of large sums of money from the separate construction loan accounts of three individuals who had contracted with Appellant to construct homes — Patricia Sargent, Patricia Lindley, and Jeremy Harpley.
 {¶ 3} The matter proceeded to a jury trial. A jury found Appellant guilty of the first three counts of forgery (which involved Mr. Jeremy Harpley's property), and found him not guilty of the fourth count (which involved Ms. Sargent's property). The jury could not reach a verdict on counts five and six (count five involved Ms. Sargent's property and count six concerned Ms. Lindley's property), and the trial court declared a mistrial on those counts. The trial court sentenced Appellant accordingly on the first three counts.
 {¶ 4} Thereafter, Appellant pled no contest to counts five and six. The court accepted Appellant's plea and found him guilty of these remaining charges. The court also sentenced Appellant accordingly on counts five and six.
 {¶ 5} Appellant timely appealed, asserting five assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A MISTRIAL WHERE THE MISCONDUCT OF THE JURY PREJUDICIALLY APPELLANT'S RIGHT TO A FAIR TRIAL UNDER THE FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION FIVE AND SIXTEEN OF THE OHIO CONSTITUTION." [sic]
 {¶ 6} In his first assignment of error, Appellant contends that the trial court erred in denying his motion for a mistrial based on two jurors' casual conversations with victim-witness Ms. Sargent during a recess, asserting that the jurors' communications prejudiced Appellant's right to a fair trial. We disagree.
 {¶ 7} A trial court's ruling on a motion for a mistrial will be reversed only for an abuse of discretion. See State v.Stewart (1996), 111 Ohio App.3d 525, 533. See, also, State v.Keith (1997), 79 Ohio St.3d 514, 526 ("In cases of improper outside juror communication, the defense must establish that the communication biased the juror."). An abuse of discretion is more than a mere error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v.Smith, 9th Dist. No. 22550, 2006-Ohio-158, at ¶ 9. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id., citingPons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} "Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible."State v. Franklin (1991), 62 Ohio St.3d 118, 127. Thus, the essential inquiry on a motion for mistrial is whether the substantial rights of the accused are adversely or materially affected. State v. Nichols (1993), 85 Ohio App.3d 65, 69.
 {¶ 9} The State responds that Appellant has failed to demonstrate that he was ultimately prejudiced by the juror's conduct. Sargent testified regarding the incidents that occurred on May 7, 2004 (count four), and July 1, 2003 (count five). However, the jury found Appellant not guilty of count four, and the jury could not reach a verdict as to count five. Thus, we find the State's argument persuasive. We fail to see how Appellant was prejudiced and denied a right to a fair trial regarding these counts in light of these circumstances.
 {¶ 10} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A MISTRIAL WHERE THE IMPROPER REMARKS OF THE PROSECUTOR PREJUDICED APPELLANT'S RIGHT TO A FAIR TRIAL UNDER THE FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION FIVE AND SIXTEEN [sic] OF THE OHIO CONSTITUTION."
 {¶ 11} In his second assignment of error, Appellant contends that he was denied a fair trial due to certain statements made by the prosecutor during closing arguments. We disagree.
 {¶ 12} As stated above, a trial court's decision on a motion for a mistrial is reviewed for an abuse of discretion. Stewart,111 Ohio App.3d at 533. Both prosecutors and defense counsel are afforded wide latitude before their statements are considered improper. State v. Lott (1990), 51 Ohio St.3d 160, 165. When determining whether remarks constitute prosecutorial misconduct, we must assess (1) whether the remarks were improper and, if so, (2) whether the remarks prejudicially affected the substantial rights of the accused. State v. Smith (1984), 14 Ohio St.3d 13,14; State v. Jackson, 107 Ohio St.3d 300, 2006-Ohio-1, at ¶142.
 {¶ 13} In denying defense counsel's motion for a mistrial, the court stated, in accordance with law, "there is weight to be given during argument to both sides." Appellant asserts that the prosecutor "made remarks during the rebuttal portion of closing argument that denigrated the role of Appellant's trial counsel." Appellant claims that the prosecutor "accused Appellant's trial counsel of misleading the jury and that he purposefully wrote elements of the crime alleged wrong on a chart that was presented to the jury in order to mislead them." Appellant maintains that "[a]n unfounded claim that the counsel, representing a person charged with an act of dishonesty, is being dishonest as well creates a prejudice towards the individual being represented."
 {¶ 14} The State explains that the reason the prosecutor discussed defense counsel during rebuttal was because defense counsel had in fact incorrectly written out the elements of the offense on a board during closing argument, and the judge, recognizing this, instructed defense counsel to take the board out of the jury's view. The following is an excerpt of this incident from the transcript:
"[DEFENSE COUNSEL:] * * * Now, I would like to talk to you a little bit about the elements of the crime, what [the prosecution has] to prove. They have to prove that [Appellant] forged the document, or as the prosecutor said, that he knew the document was forged, and by someone else, and used it himself. And I didn't hear any evidence from anybody that —
"[PROSECUTOR:] Your honor, I'm going to object. He does not have the elements properly listed on —
"THE COURT: * * * No, sir, you don't have the elements. You have to track the elements of the offense. That's not — that's not a full statement.
"[DEFENSE COUNSEL:] Well, it isn't — I didn't write out the instructions, Judge. I wrote a summary of the instructions.
"THE COURT: Well, sir, all of the instructions must be provided.
"[DEFENSE COUNSEL:] I will read the instructions. That's fine.
"* * *
"THE COURT: Just put that away."
 {¶ 15} Thus, defense counsel's actions prompted the prosecution to comment during rebuttal. The prosecutor then commenced her rebuttal by stating the following:
"[Defense counsel] has instructed you when you go into the jury room to use your common sense, but he obviously doesn't think you have any because he has misled you. And I know that you are an intelligent jury. Most juries are intelligent.
"But I would just like for my own benefit and my own sanity to point out a few things that he has misled you on."
 {¶ 16} The prosecutor then proceeded to comment on how defense counsel believed the jury should interpret certain evidence, and in the end, stated:
"Oh, he wants you to believe that I have to bring witnesses in here to say they actually witnessed [Appellant] sign Patricia Lindley's name. I do not have to do that. And that's why he wrote the elements on that chart wrong because he wants you to believe that.
"[DEFENSE COUNSEL:] Objection, Your Honor.
"THE COURT: Sustained. Counsel."
 {¶ 17} Viewed in context, we do not find that the prosecutor's comments rise to the level of prosecutorial misconduct. See State v. Miley (Oct. 25, 1993), 12th Dist. No. CA92-10-191, at *2 ("However, courts have allowed prosecutors such liberties as calling the defense's theory `baloney,' arguing that defense is `talking out of both sides of his mouth,' and the defense has merely created a `smoke screen'"), citing State v.Brown (1988), 38 Ohio St.3d 305, 317 and State v. Riggins
(1986), 35 Ohio App.3d 1, 7; State v. Keenan (1993),66 Ohio St.3d 402.
 {¶ 18} During the course of the trial, the judge instructed the jury as to the elements of the crime and advised the jury that statements made by the lawyers were not evidence to be considered in reaching a verdict. We presume the jury followed the court's instructions in this regard. Furthermore, the trial court sustained defense counsel's objection to the prosecutor's comment.
 {¶ 19} Therefore, we cannot conclude that Appellant was denied a fair trial based on the prosecutor's comment. Thus, we find that the trial court did not abuse its discretion in denying the motion for a mistrial.
 {¶ 20} Appellant's second assignment of error is overruled.
 C. Third Assignment of Error
"THE TRIAL COURT ERRED BY ALLOWING TESTIMONY THAT VIOLATED EVIDENCE RULES 401, 402 AND 403."
 {¶ 21} In his third assignment of error, Appellant contends that the trial court erred by allowing in the testimony of the subcontractors that placed liens upon the property of each of the three victims. Appellant asserts that each subcontractor's testimony was not relevant to establishing the crime of forgery, or in the alternative, that the testimony's probative value was outweighed by its prejudicial effect. We disagree.
 {¶ 22} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, a trial court's decision on an evidentiary issue will stand absent an abuse of discretion that materially prejudices a party. Dardinger v. Anthem Blue Cross Blue Shield,98 Ohio St.3d 77, 2002-Ohio-7113, at ¶ 193, quoting State v. Hymore
(1967), 9 Ohio St.2d 122, 128. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freemanv. Crown City Mining, Inc. (1993), 90 Ohio App.3d 546, 552.
 {¶ 23} Diana Munro, the office manager for Ace Brother Plumbing and Heating, testified that the company had to place liens on the property of Ms. Sargent and Ms. Lindley, and that Appellant owed Ace Brother money from these construction projects. Jennie Anstine, owner of Anstine Drywall, Incorporated, testified that Appellant had outstanding invoice balances with Anstine Drywall for the construction on the properties of Ms. Sargent, Ms. Lindley, and Mr. Jeremy Harpley. Finally, H. Christopher Wilson, president of Schumacher Lumber, testified regarding the lien placed on Ms. Lindley's property.
 {¶ 24} First, we find that Appellant cannot establish any prejudice from the testimony of each subcontractor regarding Ms. Lindley's property, because the jury ultimately could not reach a verdict and the court declared a mistrial as to count-six forgery, the sole count involving Ms. Lindley's property. Second, we find that any testimony from the subcontractors regarding Ms. Sargent's property also could not have ultimately prejudiced Appellant at trial, because a mistrial was declared as to count-five forgery, and the jury ultimately returned a not-guilty verdict on count-four forgery. Therefore, Appellant's arguments in these respects are unavailing. See Dardinger at ¶ 193.
 {¶ 25} As to testimony from Ms. Munro regarding account balances and Ms. Anstine regarding account balances due and owing on Mr. Jeremy Harpley's property construction, the State argues that the testimony was relevant because it tended to show that Appellant failed to pay the contractors for work performed on Mr. Harpley's property, and that the testimony, in conjunction with testimony regarding the forging of Mr. Harpley's signature on draw forms, was relevant to establish that Appellant intended to defraud the bank. See R.C. 2913.31(A)(3); R.C. 2901.22(A) (B). We find the State's argument persuasive, and cannot say that this testimonial evidence posed unfair prejudice, confused the issues, or misled the jury. See Evid.R. 403(A). Therefore, we find that the court did not abuse its discretion in admitting this testimony.
 {¶ 26} Appellant's third assignment of error is overruled.
 D. Fourth Assignment of Error
"THE TRIAL COURT ERRED BY ALLOWING OPINION TESTIMONY THAT VIOLATED EVIDENCE RULE 701."
 {¶ 27} In his fourth assignment of error, Appellant asserts that the court erred when it allowed Detective Daniel Clevenger to testify as to his opinion regarding signatures on draw forms presented to the detective by Ms. Sargent and Ms. Lindley.
 {¶ 28} We reiterate that a court's admission of evidence will not be disturbed absent an abuse of discretion that materially prejudiced the defendant. Dardinger at ¶ 193. Detective Clevenger testified that he became involved in investigations of Appellant due to reports filed by Ms. Sargent and Ms. Lindley. Detective Clevenger's testimony concerned only the draw forms submitted to him by Ms. Sargent and Ms. Lindley. As noted above, Appellant cannot establish that any testimony regarding the respective property of Ms. Sargent and Ms. Lindley materially prejudiced him at trial because Appellant was acquitted of count four and the court declared a mistrial with respect to counts five and six. Therefore, Appellant's fourth assignment of error is unavailing.
 {¶ 29} Appellant's fourth assignment of error is overruled.
 E. Fifth Assignment of Error
"THE TRIAL COURT ERRED BY ALLOWING TESTIMONY IN REGARDS TO APPELLANT'S POST-MIRANDA SILENCE."
 {¶ 30} In his fifth assignment of error, Appellant asserts that the trial court erred in allowing Detective Clevenger to testify regarding Appellant's apparent silence during the detective's interview with Appellant regarding the complaints filed by Ms. Sargent and Ms. Lindley.
 {¶ 31} Once again, Appellant challenges testimony regarding the investigation of the complaints filed by Ms. Sargent and Ms. Lindley. For the reasons stated in our analysis of Appellant's fourth assignment of error, Appellant's fifth assignment of error is also unavailing. See id.
 {¶ 32} Appellant's fifth assignment of error is overruled.
 III. {¶ 33} Appellant's assignments of error are overruled. Appellant's conviction in the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. concur.