[Cite as *State v. Bizzell*, 2014-Ohio-726.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case Nos. 25905 |
| | : | 25906 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 13-CR-310 |
| v. | : | 13-CR-2387 |
| | : | |
| ADRIAN A. BIZZELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of February, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorneys for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. #0080433, Post Office Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Adrian A. Bizzell appeals from his convictions and sentences for two counts of Failure to Notify, in violation of R.C. 2950.05(A)(F)(1), felonies of

the third degree. Bizzell contends that his convictions are void, and must be vacated, because he was not provided with sufficient notice of his registration duties pursuant to R.C. 2950.03(A) and 2950.03(B)(1). Bizzell also contends that he established the affirmative defense of impossibility, through evidence of his homelessness.

{¶ 2} We conclude that Bizzell's convictions are not void and that he did not establish the affirmative defense of impossibility. Accordingly, the judgments of the trial court are Affirmed.

## I. Bizzell Is Adjudicated a Sexually Oriented Offender and Fails to Notify the Montgomery County Sheriff's Office of a Change in Address

{¶ 3} In September 1999, Adrian A. Bizzell was convicted of two counts of Gross Sexual Imposition. He was sentenced to four years in prison on each of the two counts, to be served concurrently. The October 4, 1999 termination entry stated, in part:

> The Court finds defendant has been convicted of a sexually oriented offense(s) AND the Court finds defendant to be a sexually oriented offender by Ohio Revised Code 2950.01(D) and;

> The Court advised the defendant of his/her requirement to register as a sex offender, as defined by Ohio Revised Code 2950.03 & 2950.04 AND the Director or Chief Administrative Officer of the defendant's detention facility or correctional institution shall provide notice to the defendant at least ten (10) days before the defendant is released.

{¶ 4} In October 2005, Bizzell was convicted of one count of Failure to Notify and

sentenced to two years in prison in Montgomery County Case No. 2005 CR 2523.

On January 4, 2013, Bizzell signed a Notice of Registration with the Montgomery County Sheriff's Office. The Notice set forth his registration duties and warned of criminal prosecution if he failed to register, failed to verify residence at the specified times, or failed to provide notice of a change in address.

{¶ 5} A month later, in Montgomery County Case No. 2013 CR 0310, a Montgomery County Grand Jury indicted Bizzell on one count of Failure to Notify, in violation of R.C. 2950.04, a third-degree felony. This indictment related to criminal activity that allegedly occurred between January 2, 2013 and January 30, 2013. Following a bench trial, Bizzell was found guilty of one count of Failure to Notify.

{¶ 6} In August 2013, in Montgomery County Case No. 2013 CR 2387, a Montgomery County Grand Jury indicted Bizzell on one count of Failure to Notify, in violation of R.C. 2950.04, a third-degree felony. This indictment related to criminal activity that allegedly occurred between February 13, 2013 and August 28, 2013. Bizzell pled no contest to the Failure to Notify charge and was found guilty by the trial court.

{¶ 7} Bizzell was sentenced in Case Nos. 2013 CR 0310 and 2013 CR 2387 on September 3, 2013. The trial court sentenced Bizzell to twelve months in prison on each of the two counts of Failure to Notify and ordered the sentences to be served concurrently with each other. From his convictions and sentences, Bizzell appeals.

## II. Bizzell's Convictions Are Not Void, and Bizzell
## Failed to Establish the Affirmative Defense of Impossibility

{¶ 8}   Bizzell's sole assignment of error states:

JUDGMENT OF CONVICTION AGAINST THE DEFENDANT – APPELLANT IS VOID AND MUST BE VACATED ON THE GROUNDS THAT THE STATE FAILED TO FULFILL ITS NOTIFICATION REQUIREMENTS TO THE DEFENDANT PURSUANT TO R.C. 2950.03, CONTRARY TO THE GUARANTEES OF DUE PROCESS OF LAW.

{¶ 9}   R.C. 2950.03(A) states that certain officials shall provide notice to sexually oriented offenders of the obligation to register. R.C. 2950.03(B) sets forth what information should be provided in this notice. According to Bizzell, "no evidence was presented that the State complied with its notification requirements to the Defendant." Brief, p. 4. Bizzell contends that his convictions for Failure to Notify are therefore void and should be vacated. We do not agree.

{¶ 10}   The Eighth District Court of Appeals rejected a similar contention in *State v. Freeman*, 8th Dist. Cuyahoga No. 86740, 2006-Ohio-2583. The court held, at ¶ 14:

Both the State's and Freeman's arguments appear to be based on the erroneous assumption that the trial court's notice to a defendant who has pled guilty to a sexually oriented offense of his duty to register with the county sheriff upon his release from prison triggers the duty to register and without such notice, Freeman is not obligated to report. As the Ohio Supreme Court made clear in *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, however, once a defendant is convicted of a sexually oriented offense, he is "automatically classified as a sexually oriented offender and therefore must register with the sheriff of the

county in which he resides as prescribed by R.C. 2950.04(A)(2)." *Id.* at ¶ 15. (Emphasis added). Thus, upon conviction of a sexually oriented offense, the classification and the duty to register arise by operation of law. *Id.*; *see, also, State v. Moncrief*, Cuyahoga App. No. 85479, 2005-Ohio-4812, at ¶ 23; *State v. Grider* (2001), 144 Ohio App.3d 323; *State v. Mickey* (Apr. 5, 2001), Cuyahoga App. No. 77889. Accordingly, although the trial court should have given Freeman notice at his sentencing of his duty to report, its failure to do so does not affect his duty to register.

{¶ 11} We agree with the analysis in *Freeman*. Furthermore, the State submitted evidence to the trial court that Bizzell was informed of his registration duties, both in the 1999 termination entry, and in subsequent documents Bizzell signed. On the other hand, Bizzell did not offer any evidence that he was not informed of his registration duties. Indeed, the evidence of record shows that Bizzell, at times, did comply with his registration duties. However, the State established at trial that Bizzell failed to fulfill his notification duties for the two relevant periods in the indictments. Consequently, we conclude that the trial court did not err in convicting Bizzell of two counts of Failure to Notify.

{¶ 12} Bizzell also contends that the trial court erred in failing to find that Bizzell had established the affirmative defense of impossibility. According to Bizzell, his status as a "vagrant" is sufficient to establish impossibility. Brief, p. 4. We do not agree.

{¶ 13} R.C. 2950.05 (G)(1) sets forth an affirmative defense to the charge of failure to notify. That section provides:

(G) (1) It is an affirmative defense to a charge of a violation of division

(F)(1) of this section that it was impossible for the person to provide the written notice to the sheriff as required under division (A) of this section because of a lack of knowledge * * * of a residence * * * address change, and that the person provided notice of the residence * * * address change to the sheriff specified in division (A) of this section as soon as possible, but not later than the end of the first business day, after learning of the address change by doing either of the following:

 (a) The person provided notice of the address change to the sheriff specified in division (A) of this section by telephone immediately upon learning of the address change * * * .

 (b) The person, as soon as possible, but not later than the end of the first business day, after learning of the address change, provided written notice of the address change to the sheriff specified in division (A) of this section.

{¶ 14} The defense of impossibility based solely on homelessness has been rejected by a number of Ohio's appellate districts. In *State v. Watkins*, 6th Dist. Lucas No. L-11-1085, 2013-Ohio-2030, ¶ 32, the Sixth District Court of Appeals explained:

 The provisions of R.C. 2950.05 * * * clearly provide that the registration requirements apply equally to homeless individuals. *State v. Lowry*, 12th Dist. No. CA2010-12-036, 2011-Ohio-2850, ¶ 18. Moreover, former R.C. 2950.05(H) (now R.C. 2950.05(I)) states that "change of address" includes "any circumstance in which the old address for the person in question no longer is accurate, regardless of whether the person in question has a new address." To establish the

affirmative defense of impossibility, the offender must show that on the date when he was required to notify the sheriff of his change of address (i.e. 20 days before the change), he did not know that his address was going to change. He must then notify the sheriff as soon as possible, but no later than the end of the first business day after learning of the address change. If an offender is homeless, he is to include in the notice "a detailed description of the place or places" he intends to stay. Homelessness, therefore does not make it impossible to comply with the registration requirements of R.C. 2950.05. *Lowry*, at ¶ 19; *State v. Ohmer*, 162 Ohio App.3d 150, 2005-Ohio-3487, 832 N.E. 2d 1243, ¶ 20-21 (1st Dist.).

{¶ 15} We agree with the reasoning expressed in *Watkins*. The fact that Bizzell may have been homeless does not, in and of itself, establish that it was impossible for him to comply with the registration requirements. Furthermore, the State provided testimony that Bizzell had acknowledged that he had provided an incorrect address when he first registered at the Montgomery County Sheriff's Department, and that he subsequently stayed at a new residence for at least four consecutive days without providing notice of a change in address. Bizzell did not establish that it was impossible for him to provide notice of either of these addresses.

{¶ 16} Bizzell's sole assignment of error is overruled.


### III. Conclusion

{¶ 17} Bizzell's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:
Mathias H. Heck
Michele D. Phipps
Kirsten Knight
Hon. Gregory F. Singer