[Cite as *State v. Chase*, 2020-Ohio-1093.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190013 |
| | | TRIAL NO. B-1806283 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DAVID CHASE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: March 25, 2020

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill, LLC,* and *John D. Hill, Jr.*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   David Chase appeals his conviction for failing to provide notice of a change of address in violation of R.C. 2950.05, Ohio's sex-offender-verification law. Because the state failed to prove that Chase's address changed, we reverse the conviction and discharge Chase from further prosecution.

## I.   Background

{¶2}   Chase was convicted in 2017 of pandering obscenity involving a minor. As a Tier II sex offender, he was required to register with the sheriff and verify his address every 180 days for 25 years.  *See* R.C. 2950.06(B)(2) and 2950.07(B)(2).

{¶3}   At trial, the state presented evidence that in March 2018, Chase was homeless and registered his address with the Hamilton County Sheriff's Office as the Remke Market parking lot at 5218 Beechmont Avenue.  Six months later, on October 9, 2018, Chase met with Deputy Margo Shari at the sheriff's office to verify his address.

{¶4}   According to Deputy Shari, when dealing with a homeless sex offender, the sheriff's office generates a map and instructs the offender to circle on the map the area where the offender intends to stay.  In this case, she presented an aerial photographic map of the Remke Market parking lot to Chase, and he a circled a corner of the lot to identify the area where he intended to stay.

{¶5}   Subsequently, Deputy Shari attempted on three weekdays—October 15, October 22, and October 26, 2018—to verify Chase's residence in the parking lot. She went at about 4:30 p.m. each time, and did not see Chase there on any of those occasions.  Each time, the deputy taped a notice for Chase on a guardrail, which she testified was within the area of the parking lot that Chase had indicated on the map. The notice stated that the sheriff's office was trying to verify Chase's address and that he should contact the office.  The final notice included an admonition that should

Chase fail to contact the sheriff's office within 72 hours, charges would be filed and a warrant would be issued for his arrest. Each notice was on a green card placed in a sealed plastic bag.

{¶6} When Chase failed to contact the sheriff's office within the specified timeframe, Deputy Shari filed charges for his failure to provide notice of a change of address and issued a warrant for his arrest. The deputy acknowledged that she did not know whether Chase had moved from his registered address.

{¶7} Chase testified that he resided at the Remke Market parking lot in the area he had indicated on the map. He had been parking his truck in a parking space that abutted a small island in the corner of the lot. According to Chase, prior verification notices had been taped to the light pole in the center of the island, so he checked that pole every morning when he left the lot to be sure that sheriff's deputies were not looking for him. Chase testified that he left for work by 7:00 a.m. and did not return until after 7:30 p.m., and that it was typically dark when he got home. Chase further testified that he was familiar with the notices used by the sheriff's department, but he had not seen any of the three notices posted by Deputy Shari on the guardrail.

{¶8} At the conclusion of the evidence, the trial court found Chase guilty of the offense and sentenced him to a three-year term of community control. This appeal followed.

## II. Sufficiency of the Evidence

{¶9} In his first assignment of error, Chase challenges the sufficiency of the evidence supporting his conviction. He asserts that the state failed to prove that he changed his address.

{¶10} In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime

beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶11} Under R.C. 2950.05(A), an offender must provide written notice of any change of residence address to the sheriff with whom the offender most recently registered at least 20 days prior to changing the residence address. If a residence address change is not to a fixed address, the offender must include "a detailed description of the place or places at which the offender * * * intends to stay." R.C. 2950.05(F)(1) provides: "No person who is required to notify a sheriff of a change of address pursuant to division (A) * * * shall fail to notify the appropriate sheriff in accordance with that division."

{¶12} As R.C. 2950.05(I) indicates, " 'change in address' includes any circumstance in which the old address for the person in question no longer is accurate, regardless of whether the person in question has a new address." In other words, "[a]n address 'changes' when one no longer lives at that address." *State v. Ohmer*, 162 Ohio App.3d 150, 2005-Ohio-3487, 832 N.E.2d 1243, ¶ 18 (1st Dist.), quoting *State v. Beasley*, 8th Dist. Cuyahoga No. 77761, 2001 WL 1152871 (Sept. 27, 2001).

{¶13} To convict Chase of violating R.C. 2950.05, the state was required to prove that that he no longer lived at the Remke Market parking lot at 5218 Beechmont Avenue and that he failed to notify the sheriff of that change. After viewing the evidence in the light most favorable to the prosecution, we conclude that the state failed to prove that Chase no longer lived at his registered address. Even if the trial court rejected Chase's testimony in its entirety, the state's evidence demonstrated only that Chase was not present at his registered address on three occasions when a deputy made daytime visits to the address and that Chase failed to respond to notices left at that address by the deputy. Therefore, we hold that the

state failed to present sufficient evidence that Chase had changed his address from the Remke Market parking lot at 5218 Beechmont Avenue.

{¶14} Consequently, we sustain the first assignment of error. Our disposition of the first assignment of error renders the second assignment of error challenging the weight of the evidence moot. We reverse the judgment of conviction and discharge Chase from further prosecution.

*Judgment reversed and appellant discharged.*

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.