[Cite as *State v. Overton*, 2024-Ohio-1425.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2023 CA 0031 |
| DANIEL W. OVERTON | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 2021 CR 965


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     April 12, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE SCHUMACHER                  RANDALL E. FRY
PROSECUTING ATTORNEY           10 West Newlon Street
MARTIN I. NEWMAN                  Mansfield, Ohio 44902
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

*Wise, J.*

**{¶1}** Defendant-Appellant, Daniel W. Overton, appeals his conviction and sentence for a violation of R.C. 2950.05, failure to provide notice of change of address. Plaintiff-appellee is the State of Ohio.

### FACTS AND PROCEDURAL HISTORY

**{¶2}** In September, 2010, Overton was convicted of unlawful use of a minor in a nudity-oriented material a violation of R.C. 2907.32.[1]  As a result of the conviction, Overton was classified a Tier I sexually oriented offender requiring him to register his address with the Sheriff's Department for a period of fifteen years.

**{¶3}** This case arose in November, 2021, when Overton was indicted on one count of Failure to Provide Notice of Change of Address, in violation of R.C. 2950.05(F)(1), a third-degree felony.  The indictment stated that Overton was previously convicted of a violation of R.C. 2950.04(E), failure to register as a sex offender in Morrow County on October 27, 2020.

**{¶4}** Overton pleaded not guilty by reason of insanity and incompetent to stand trial. On February 11, 2022, forensic examinations were ordered to determine his competency and his mental condition at the time of the offense [NGRI].

**{¶5}** On May 13, 2022, Overton was found not competent to stand trial and was committed to Heartland Behavioral Health.  Later, he was transferred to Timothy Moritz

---

[1] R.C. 2907.32 defines the crime of pandering obscenity.  During the trial, the state moved to amend the indictment to illegal use of a minor in nudity-oriented material, a violation of R. C. 2907.323.  The trial court granted the motion over no objection by defense counsel, Tr. III, 112-113.

Center, Twin Valley Behavioral Healthcare, when he refused to take his medication and became violent with staff, Tr. April 24, 2023, Judgment Entry, April 25, 2023.

{¶6} The trial court found Overton ineligible to use the NGRI defense when he refused to be interviewed or participate in an evaluation. Tr. April 24, 2023, Judgment Entry April 25, 2023.

{¶7} After one and a half years, Overton was found competent to stand trial and a jury trial was held on May 9, 2023.

*Evidence at Trial*

{¶8} When Overton moved out of the Volunteers of America Center in March, 2021, he reported to Richland County Sherriff employee, Alisa Finley, that he was homeless living in downtown Mansfield by the Gazebo. Tr. II at 20. Overton reported that he had no vehicle to register. Finley recorded Overton's information in an "Offender Watch" software program that allows her and other counties to record notes and Overton was told by Finley that he must return for his periodic yearly registration on October 22, 2021. Finley also told Overton that if he moved from the Gazebo site, he was required to report any change of address to the Richland County Sheriff's Office.

{¶9} On October 23, 2021, Finley received a tip that Overton was in Delaware County.

{¶10} Delaware County Deputy Sheriffs had been dispatched to a boy scout camp for an unidentified male, later identified as Overton, standing around a group of boys and adults by a campfire. Overton told the Deputies he was just "enjoying the fire." Overton was carrying a backpack with his possessions including a sleeping bag or blanket. Tr. III, at 54. He was issued a warning for trespassing and walked off the property by the Deputy

Sheriffs. A warning letter that Overton had failed to register for his periodic registration was also issued by the Richland County Deputy Sheriff and stapled on the Gazebo in downtown Mansfield.

{¶11} On October 25, 2021, Finley received another tip that Overton was in Delaware County. Delaware County Deputy Sheriffs were dispatched to Ohio Wesleyan University on a report of a suspicious person later identified as Overton. Overton had joined a group of new college recruits and their parents touring the campus. Overton was carrying his backpack with his possessions including a blanket or a sleeping bag. He also had a bag of food. Tr. III, at 123. He was taken to Grady Memorial Hospital in Delaware County for a mental health evaluation.

{¶12} Because Overton did not report to Finley that he had moved from the Gazebo in downtown Mansfield and because he did not report for his periodic yearly mandatory registration, a warrant was issued for his arrest by Sergeant Alfrey of the Richland County Sheriff's Department.

{¶13} Overton was found in Marion County on November 16, 2021 and arrested on a warrant for failure to register as a sex offender. Tr. III, at 61.

{¶14} After hearing this evidence and receiving instructions from the trial court, the jury returned with a verdict of guilty to the charge of failing to notify the sheriff of a change of address.

*Sentence*

{¶15} Overton returned to the trial court for sentencing on May 11, 2023. Overton was sentenced to thirty six months on the underlying conviction, as well as a thirty six month maximum enhancement as a repeat offender under R.C. 2950.99 (A)(1)(b)(iii). In

all, Overton was sentenced to a prison term of seventy-two months with 488 days credit for time served. Tr. IV, Sentencing at 183-184. [2]

**{¶16}** Overton appeals his conviction assigning one assignment of error.

## ASSIGNMENT OF ERROR

**{¶17}** "THE EVIDENCE IN THIS CASE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A CONVICTION OF THE CHARGES IN THE INDICTMENT AND AS A RESULT, THE APPELLANT'S RIGHTS AS PROTECTED BY ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND THE 5TH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED."

*Law and Analysis*

**{¶18}** In his only assignment of error, Overton claims that his judgment of conviction is not supported by the sufficiency of the evidence. We disagree.

**{¶19}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991); *State v. Fluharty,* 5th Dist., Stark No. 2011CA00231, 2012-Ohio-4258, ¶ 26.

---

[2] Overton's sentence was permitted for a repeat offender. Overton received a mandatory three-year prison sentence. In addition to the mandatory three-year sentence, the trial court imposed an additional prison term of 36 months. *State v. Ashcraft,* 171 Ohio St.3d 747, 2022-Ohio-4611, 220 N.E.3d 749, syllabus ("We hold that a three-year prison term imposed under R.C. 2950.99(A)(2)(b) is to be imposed '[i]n addition to' any prison term imposed under 'any other provision of law.'")

{¶20} Under R.C. 2950.05(A), an offender must provide written notice of any change of residence address to the sheriff with whom the offender most recently registered at least 20 days prior to changing the residence address. If a residence address change is not to a fixed address the offender must include a 'detailed description of the place or places at which the offender ... intends to stay' not later than the end of the first business day immediately following the date of the fixed residence.

{¶21} R.C. 2950.05(F)(1) provides: "No person who is required to notify a sheriff of a change of address pursuant to division (A) ... shall fail to notify the appropriate sheriff in accordance with that division."

{¶22} Homelessness is not an excuse for failing to provide a change of address. This Court has held that the purpose of the reporting statute is to locate and keep track of sexually oriented offenders. *State v. Parrish* 5th Dist., Licking No. 00-CA-0070, 2000 WL 1862821 (Dec. 18, 2000) *1. ("[T]o allow a homeless defense to the registration provision would frustrate the legislative purpose.").

{¶23} Change in address includes any circumstance in which the old address for the sexual offender is no longer valid, regardless of whether the offender has a new address. R.C. 2950.05(I). In other words, an address changes when one no longer lives at the address given to the sheriff of the county in which the offender resides. *State v. Ohmer* 162 Ohio App. 3d 150, 2005-Ohio-3487, 832 N.E.2d 1243, ¶ 18 (1st Dist.).

{¶24} Thus, to prove Overton violated R.C. 2950.05, the state was required to prove that he no longer lived in the vicinity of the Gazebo in downtown Mansfield, Ohio.

{¶25} Circumstantial evidence is as strong as direct evidence. *In re. D.G.,* 5th Dist., Stark No. 2023 CA 00014, 2023-Ohio-3859, citing *State v. Jenks, supra ¶ 29; State*

*v. Sanchez-Sanchez,* 8th Dist., Cuyahoga No. 110885, 2022-Ohio-4080, ¶ 117 ("Circumstantial evidence is evidence that requires drawing of inferences that are reasonably permitted by the evidence.") "Circumstantial evidence is the proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind." *State v. Wells,* 8th Dist., Cuyahoga No. 109787, 2021-Ohio-2585, ¶ 26.

{¶26} Here, the state presented evidence that Overton was in Delaware County at a boy scout camp on October 23, 2021 with his backpack full of his belongings including his sleeping bag or a blanket. On October 25, 2021, the state presented evidence that Overton was in Delaware County at Ohio Wesleyan College with his backpack full of his possessions and a bag of food. And finally, on November 16 2021, the state presented evidence that Overton was in Marion County. Overton also reported to the sheriff that he did not own a vehicle.

{¶27} The state presented overwhelming circumstantial evidence that Overton had abandoned his residence in the vicinity of the Gazebo in downtown Mansfield, Ohio and never reported a change of address to the sheriff of Richland County or reported that he had moved from the Gazebo in downtown Mansfield.

{¶28} So, too, the act of failing to register alone is sufficient to trigger criminal punishments. *State v. Cook,* 83 Ohio St.3d 404, 419, 700 N.E.2d 570 (1998). This Court as well as most other appellate districts have held that R.C. 2950.05 [failing to register a change of address] is a strict liability offense because it was passed for the good of the public welfare regardless of the offender's state of mind. *State v. Smithhislen,* 5th Dist., Knox No. 16 CA 27, 2017-Ohio-5725, 93 N.E.3d 1274, ¶ 37; *State v. Ramsey,* 12th Dist.,

Fayette No. CA2022-02-003, 2022-Ohio-3389, ¶13 (lists cases from other districts holding sexual offender registration laws are strict liability offenses).  Therefore, the state did not have to prove that Overton had a certain level of culpability or mental state to prove him guilty of the offense.

**{¶29}**  We reject Overton's sole assignment of error and affirm his conviction and sentence.

## CONCLUSION

**{¶30}**  We overrule appellant's sole assignment of error and affirm the judgment of the Richland County Court of Common Pleas.

By: Wise, J.

Delaney, P. J., and

Hoffman, J. concur.

JWW/kt  0408