[Cite as *State v. Fluharty*, 2011-Ohio-4074.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                        |     |                        |
|------------------------|-----|------------------------|
|                        |  :  | JUDGES:                |
| STATE OF OHIO          |  :  | W. Scott Gwin, P.J.    |
|                        |  :  | William B. Hoffman, J. |
| Plaintiff-Appellant    |  :  | Julie A. Edwards, J.   |
|                        |  :  |                        |
| -vs-                   |  :  | Case No. 2010CA00242   |
|                        |  :  |                        |
|                        |  :  |                        |
| MARION FLUHARTY        |  :  | O P I N I O N          |
|                        |     |                        |
| Defendant-Appellee     |     |                        |



CHARACTER OF PROCEEDING:              Criminal Appeal from Stark County
                                      Court of Common Pleas Case No.
                                      2010-CR-0220

JUDGMENT:                             Reversed and Remanded

DATE OF JUDGMENT ENTRY:               August 8, 2011

APPEARANCES:

For Plaintiff-Appellant               For Defendant-Appellee

JOHN D. FERRERO                       TAMMI JOHNSON
Prosecuting Attorney                  Stark County Public Defender's Office
Stark County, Ohio                    200 W. Tuscarawas Street, Suite 200
                                      Canton, Ohio  44702

BY: KATHLEEN O. TATARSKY
    RENEE M. WATSON
    Assistant Prosecuting Attorney's
    110 Central Plaza South, Ste. 510
    Appellate Section
    Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Plaintiff-appellant, State of Ohio, appeals from the August 19, 2010, Judgment Entry of the Stark County Court of Common Pleas granting defendant-appellee's Motion to Dismiss.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On or about November 4, 1999, appellee, Marion Fluharty, was convicted in Stark County Case No 1999CR1122 of rape in violation of R.C. 2907.02. a felony of the first degree. Appellee was sentenced to ten years in prison. As memorialized in a Judgment Entry filed in such case on November 12, 1999, appellee was determined to be a sexual predator under Megan's law.

{¶3} On January 1, 2008, Ohio's Adam Walsh Act ("AWA") went into effect, repealing Megan's Law and altering the classification, registration, and notification scheme of convicted sex offenders. See R.C. Chapter 2950. Thereafter, appellee was reclassified as a Tier III offender under the AWA and was required to verify his address every ninety days for life at least twenty days prior to any change of address. R.C. 2950.05(A).

{¶4} Thereafter, on March 8, 2010, the Stark County Grand Jury indicted appellee in the case sub judice on one count of failure to provide written notice of residence address change in violation of R.C. 2950.05(A)(E)(1), a felony of the first degree. The indictment indicated that appellee, having been classified a Tier III offender, had failed to provide written notice of a residence change to the Stark County Sheriff's Office at least twenty days prior to the change of address. At his arraignment on March 12, 2010, appellee entered a plea of not guilty to the charge.

{¶5} On March 12, 2010, appellee filed a Motion for a Bill of Particulars. The Bill of Particulars that was filed on March 16, 2010, stated, in relevant part, as follows:

{¶6} "Date: On or about January 29, 2010;

{¶7} "Location: Stark County, Ohio;

{¶8} "On or about January 29, 2010, the defendant having been previously classified as a Tier III offender and being a person required to notify the Stark County Sheriff's Department of a change of address; failed to provide a written notice of an address change at least twenty (20) days prior to said change. The defendant was convicted of Rape a felony of the first degree. Defendant last registered an address of 1115 Second Street, Room 2, Canton, Stark County, Ohio on December 9, 2009. Defendant moved from the address on January 29, 2010 to 601 Brown Ave. NW, Canton, Stark County, Ohio and failed to register the address as required."

{¶9} Appellee, on April 13, 2010, entered an oral and written plea of not guilty by reason of insanity.

{¶10} Thereafter, on June 11, 2010, appellant filed a superseding indictment in the case sub judice. The indictment also charged appellee with one count of failure to provide written notice of residence address change in violation of R.C. 2950.05(A)(E)(1) and 2950.99(A) and indicated that appellee, having been classified a sexual predator, had failed to provide written notice of a residence change to the Stark County Sheriff's Office at least twenty days prior to the change of address.

{¶11} On July 7, 2010, appellee filed a Motion to Dismiss. Appellee, in his motion, alleged that the offense for which he was charged was based upon a version of a statute [R.C. 2950.05] which was found to be unconstitutional by the Ohio Supreme

Court in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. According to appellee, "[b]ecause the prior versions of these Sections were repealed effective January 1, 2008, and the latter version, including Defendant's classification was unlawful, they cannot serve as the predicates for the crimes for which he was indicted." Appellant filed a response to such motion on July 20, 2010.

{¶12} A hearing on appellee's motion was held on July 26, 2010. Pursuant to a Judgment Entry filed on August 19, 2010, the trial court granted appellee's motion and dismissed the indictment. The trial court, in its Judgment Entry, stated, in relevant part, as follows:

{¶13} "The Defendant was classified as a sexual predator by an entry filed on November 12, 1999, in case number, 1999CR1122. At that time, his duty to register a change of address was at least 7 days prior to the change of resident's address. The Adam Walsh Act reclassified the Defendant as a Tier III offender and required him to register at least 20 days prior to any change of resident's address.

{¶14} "The Bill of Particulars in the instant case states, 'On or about January 29, 2010, the defendant having been previously classified as a Tier III offender and being a person required to notify the Stark County Sheriff's Department of an address change at twenty (20) days prior to said change.' (See attached). *State v. Buehner*, 110 Ohio St.3d 403, states '[T]here is no requirement that the indictment demonstrate the basis for the grand jury's findings. The bill of particulars serves this function.' Therefore, the Grand Jury charged the Defendant with violating the Adam Walsh Act. Based upon the holdings in *Smith* and *Bodyke*, the Court grants Defendant's Motion to Dismiss because the Adam Walsh Act was found to be unconstitutional."

**{¶15}** Appellant now raises the following assignments of error on appeal:

**{¶16}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED THE SUPERSEDING INDICTMENT CHARGING APPELLEE WITH A VIOLATION OF NOTICE OF CHANGE OF ADDRESS AS A SEXUAL PREDATOR, [R.C. 2950.05(A)(E)(1)]. FLUHARTY'S RECLASSIFICATION HAD NO BEARING ON THE OUTCOME OF HIS PROSECUTION FOR FAILING TO NOTIFY THE SHERIFF OF A CHANGE OF ADDRESS.

**{¶17}** "II. THE TRIAL COURT ERRED AS A MATER OF LAW IN FINDING THAT THE *BODYKE* HOLDING BARRED THE SUPERSEDING INDICTMENT CHARGING APPELLANT WITH FAILURE TO NOTIFY THE SHERIFF OF A CHANGE OF ADDRESS BECAUSE *BODYKE* LEFT R.C. 2950.05 INTACT.

**{¶18}** "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE SUPERSEDING INDICTMENT BECAUSE THE ORIGINAL BILL OF PARTICULARS REFERRED TO APPELLEE AS A TIER III OFFENDER."

**{¶19}** For purposes of judicial economy, we shall address appellant's assignments of error out of sequence.

III

**{¶20}** Appellant, in its third assignment of error, argues that the trial court erred in dismissing the superseding indictment because the original indictment referred to appellee as a Tier III offender under the Adam Walsh Act.

**{¶21}** In the case sub judice, appellee was originally indicted on one count of failure to provide written notice of residence address change in violation of R.C.

2950.05(A)(E)(1) and 2950.99(A), a felony of the first degree. The indictment indicated that appellee, having been classified a Tier III offender under the Adam Walsh Act, had failed to provide written notice of a residence change to the Stark County Sheriff's Office at least twenty days prior to the change of address. As is stated above, after his conviction in 1999, appellant had been classified as a sexual predator under Megan's law but had subsequently been reclassified as a Tier III offender under the Adam Walsh Act, which went into effect on January 1, 2008.

{¶22} The Bill of Particulars filed in the case sub judice on March 16, 2010 stated as follows:

{¶23} "Date: On or about January 29, 2010;

{¶24} "Location: Stark County, Ohio;

{¶25} "On or about January 29, 2010, the defendant having been previously classified as a Tier III offender and being a person required to notify the Stark County Sheriff's Department of a change of address; failed to provide written notice of an address change at least twenty (20) days prior to said change. The defendant was convicted of Rape a felony of the first degree. Defendant last registered an address of 1115 Second Street, Room 2, Canton, Stark County, Ohio on December 9, 2009. Defendant moved from the address on January 29, 2010 to 601 Brown Ave. NW, Canton, Stark County, Ohio and failed to register the address as required."

{¶26} The Ohio Supreme Court recently held in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, that R .C. § 2950.031 and § 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the

separation-of-powers doctrine by requiring the opening of final judgments. The Court reaffirmed the principle that the authority to review, affirm, modify, or reverse trial courts' judgments are strictly limited to appellate courts under the Ohio Constitution. Therefore, R.C. § 2950.031 and R.C. § 2950.032 "may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." *Bodyke* at ¶ 66. The Court severed those provisions from R.C. Chapter 2950. *Id.*

**{¶27}** Thus, pursuant to *Bodyke*, appellee's reclassification under the Adam Walsh Act as a Tier III offender was unconstitutional and his original classification as a sexual predator under Megan's law was reinstated.

**{¶28}** After the *Bodyke* decision was issued on June 3, 2010, appellant, on June 11, 2010, filed a superseding indictment. The superseding indictment stated, in relevant part, as follows:

**{¶29}** "That **MARION RANDY FLUHARTY** late of said County from on or about the 9ᵗʰ day of January in the year of our Lord two thousand ten, to on or about the 29ᵗʰ day of January in the year of our Lord two thousand ten, at the County of Stark, aforesaid, having been classified a <u>sexual predator</u> and being a person required to notify the Stark County Sheriff's Office of a change of address, did fail to provide written notice of a residence address change to the Stark County Sheriff's Office at least twenty days prior to the change of address, and being a felony of the first degree, the said MARIAN RANDY FLUHARTY previously has pleaded guilty to or has been convicted of Rape, a violation of Section 2907.02 of the Ohio Revised Code, a felony of the first degree, in Stark County Common Pleas Court (Case No. 1999CR1122), on or about

November 4, 1999, in violation of Section 2950.05(A)(E)(1) {2950.99(A)} of the Ohio Revised Code, contrary to the statute in such cause made and provided, and against the peace and dignity of the State of Ohio." (Emphasis added).

{¶30} The trial court, in the case sub judice, granted appellee's Motion to Dismiss the superseding indictment on the basis that the March 16, 2010 Bill of Particulars charged appellee with violating the Adam Walsh Act which was found to be unconstitutional in *Bodyke*.

{¶31} However, after the superseding indictment was filed, appellee did not file a motion requesting a new Bill of Particulars. We concur with appellant that the superseding indictment contained all of the necessary elements to put appellee on notice of the crime that he was accused of committing. Appellee was clearly advised that, having been adjudicated a sexual predator, he failed to register his change of address as required.

{¶32} We note that the purpose of a bill of particulars is "to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *State v. Sellards* (1985), 17 Ohio St.3d 169, 171, 478 N.E.2d 781, 784. It also acts to "inform an accused of the exact nature of the charges against him so that he can prepare his defense thereto." *State v. Fowler* (1963), 174 Ohio St. 362, 364, 189 N.E.2d 133, 134. Consistent with this purpose, Crim.R. 7(D) allows amendment of a bill of particulars "before, during, or after a trial," provided that "no change is made in the name or identity of the crime charged." See, also, *State v. Brown* (1994), 99 Ohio App.3d 604, 610, 651 N.E.2d 470, 474. We find that the trial court should have permitted appellant to amend its Bill of Particulars to indicate that appellee was a sexual

predator rather than a Tier III offender because the nature and identity of the crime was not changed.

{¶33} Based on the foregoing, we find that the trial court erred in dismissing the superseding indictment.

{¶34} Appellant's third assignment of error is, therefore, sustained.

I, II

{¶35} Based on our disposition of appellant's third assignment of error, appellant's first and second assignments of error are moot.

{¶36} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/d0603

[Cite as *State v. Fluharty*, 2011-Ohio-4074.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARION FLUHARTY | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2010CA00242 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceedings.  Costs assessed to appellee.

_____

_____

_____

JUDGES