[Cite as *State v. Fluharty*, 2012-Ohio-4258.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                                    |   |                               |
|------------------------------------|---|-------------------------------|
|                                    | : | JUDGES:                       |
| STATE OF OHIO                      | : | Patricia A. Delaney, P.J.     |
|                                    | : | W. Scott Gwin, J.             |
| Plaintiff-Appellee                 | : | Julie A. Edwards, J.          |
|                                    | : |                               |
| -vs-                               | : | Case No. 2011CA00231          |
|                                    | : |                               |
|                                    | : |                               |
| MARION R. FLUHARTY                 | : | O P I N I O N                 |
|                                    |   |                               |
| Defendant-Appellant                |   |                               |


CHARACTER OF PROCEEDING:            Criminal Appeal from Stark County
                                    Court of Common Pleas Case No.
                                    2010CR0220

JUDGMENT:                           Affirmed

DATE OF JUDGMENT ENTRY:             September 17, 2012

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     GEORGE URBAN
Prosecuting Attorney                116 Cleveland Avenue, N.W.
Stark County, Ohio                  808 Courtyard Centre
                                    Canton, Ohio  44702
BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite – 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Appellant, Marion Fluharty, appeals a judgment of the Stark County Common Pleas Court convicting him of failing to provide notice of change of address in violation of R.C. 2950.05(A)(E)(1) and sentencing him to five years incarceration. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} Appellant was convicted of rape in 1999 upon a plea of guilty for engaging in sexual acts with a child less than thirteen years of age, and as a result, is classified as a sexual predator. Appellant was sentenced to ten years incarceration and was released on September 5, 2009. On September 9, 2009, appellant signed a form titled "Notice of Registration Duties" which required him to notify the sheriff of any address change twenty days prior to changing his address.

{¶3} On December 9, 2009, appellant again signed a "Notice of Registration Duties." He reported his address as 1115 2nd Street, Room 2, Canton, Ohio. The notice again warned that failure to notify of a change in residence address would result in criminal prosecution. At this time, appellant provided Deputy Harry Emery, the corrections officer primarily responsible for registering sex offenders, a letter stating that he would have to move from this address at the end of December because his "funding runs out." Emery warned appellant that he had to supply an address even if he became homeless and his address is under a bridge or on a street corner. Appellant responded that he understood he had to provide an address.

{¶4} Appellant was able to extend his stay at R&R Transitional Housing, the address he registered in December, through January. On Friday, January 29, 2010,

appellant visited his parole officer, Sandra Woolf, because he was having difficulty finding housing. The room he wanted in downtown Canton was not available when he came up with the money to pay for it, and when he was shown another room which did not meet his expectations, he became angry and was escorted off the property.

{¶5} Woolf made some phone calls and found a vacant apartment at 601 Brown Street N.W., Canton, owned by David DeChiara. DeChiara agreed to meet with appellant that evening because he knew appellant needed to find housing quickly. Appellant signed a lease that night and gave DeChiara $375.00 for February rent. DeChiara wanted a security deposit, but appellant did not have the money and he told DeChiara that ICAN would pay the deposit. DeChiara gave appellant the keys to the apartment.

{¶6} Appellant slept at his aunt's house that night. The next day, January 30, 2010, he moved into the Brown Avenue apartment. On Saturday, January 30, his cell phone showed he called a number assigned to the secretary to Sheriff Tim Swanson at 7:59 a.m., 8:01 a.m. and 8:03 a.m. While appellant claimed he attempted to call Emery on Friday, Saturday, Monday, Tuesday and Wednesday, he left no messages on Emery's voice mail and Emery received no calls on those days. Someone is in the notification office to answer calls on Monday through Friday from 6:00 a.m. until 8:00 p.m., and on the weekends voice mail is available to leave messages.

{¶7} Deputy John Von Spiegel received information from another officer that appellant had moved. Von Spiegel investigated and arrested appellant on Thursday, February 4, 2010, for failure to notify of a change in address.

**{¶8}** Appellant was indicted by the Stark County Grand Jury in March of 2010 for failing to provide notice in writing of a residence address change as a Tier III offender. On June 3, 2010, the Ohio Supreme Court found the Adam Walsh Act unconstitutional in *State v. Bodyke*, 126 Ohio St.3d 255, 2010-Ohio-2424, 933 N.E.2d 753. The state then filed a superseding indictment alleging that appellant failed to comply with his registration obligations as a sexual predator. The trial court dismissed the indictment and the state appealed. This Court reversed the trial court's ruling and remanded the case for further proceedings. *State v. Fluharty*, 5th Dist. No. 2010CA00242, 2011-Ohio-4074.

**{¶9}** Appellant appeared in open court on September 26, 2011, and waived his right to a jury trial. He also signed a written waiver of his right to jury trial. After advising appellant of all the rights he was giving up by waiving his right to jury trial, the court filed a judgment finding the waiver was made knowingly, intelligently and voluntarily.

**{¶10}** The case proceeded to bench trial. Appellant was convicted as charged and sentenced to five years incarceration. He assigns three errors on appeal:

**{¶11}** "I. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY WHEN IT WAS IMPOSSIBLE FOR HIM TO COMPLY WITH THE REQUIREMENTS OF R.C. 2950.05."

**{¶12}** "II. APPELLANT'S CONVICTIONS [SIC] WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

**{¶13}** "III. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND

FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE."

I

{¶14} In his first assignment of error, appellant argues that it was impossible for him to comply with R.C. 2950.05 because he did not know where he was going to live until late in the afternoon of January 29, 2010.   Therefore, he could not meet the advance 20 day notice provision of the statute.

{¶15} R.C. 2950.05(A) provides:

{¶16} "(A) If an offender or delinquent child is required to register pursuant to division (A)(2), (3), or (4) of section 2950.04 or 2950.041 of the Revised Code, the delinquent child if not a public registry-qualified juvenile offender registrant shall provide written notice of any change of residence address, and the offender and public registry-qualified juvenile offender registrant shall provide notice of any change of residence, school, institution of higher education, or place of employment address, to the sheriff with whom the offender or delinquent child most recently registered the address under division (A)(2), (3), or (4) of section 2950.04 or 2950.041 of the Revised Code or under division (B) of this section. A written notice of a change of school, institution of higher education, or place of employment address also shall include the name of the new school, institution of higher education, or place of employment. The delinquent child if not a public registry-qualified juvenile offender registrant shall provide the written notice at least twenty days prior to changing the residence address, and the offender and public registry-qualified juvenile offender registrant shall provide the written notice at

least twenty days prior to changing the address of the residence, school, or institution of higher education and not later than three days after changing the address of the place of employment. They shall provide the written notices during the period they are required to register. If a residence address change is not to a fixed address, the offender or delinquent child shall include in that notice a detailed description of the place or places at which the offender or delinquent child intends to stay and, not later than the end of the first business day immediately following the day on which the person obtains a fixed residence address, shall provide that sheriff written notice of that fixed residence address. If a person whose residence address change is not to a fixed address describes in a notice under this division the place or places at which the person intends to stay, for purposes of divisions (C) to (I) of this section, sections 2950.06 to 2950.13 of the Revised Code, and sections 311.171 and 2919.24 of the Revised Code, the place or places so described in the notice shall be considered the person's residence address and registered residence address until the person provides the written notice of a fixed residence address as described in this division."

{¶17} Appellant relies on this Court's opinion in *State v. Ascoine*, Fifth Dist. No. 2003CA00001, 2003-Ohio-4145, in support of his claim that it was impossible for him to comply with the statute. In that case, the sexually oriented offender was kicked out of his in-laws home. He stayed with various friends for the next few months without informing the sheriff of his new address. This Court reversed his conviction, finding that it was impossible for him to notify the sheriff of his change in address twenty days in advance. *Id.* at ¶20. In so holding, this Court urged the legislature to address the loophole created by the statute by requiring the registrant to provide notice of a change

of address within a prescribed amount of time after the change occurs when the registrant cannot comply with R.C. 2950.05(A). *Id.* at ¶22.

{¶18} The legislature did in fact close this loophole by an amendment in 2005. R.C. 2950.05(G)(1) now provides:

{¶19} "(G)(1) It is an affirmative defense to a charge of a violation of division (F)(1) of this section that it was impossible for the person to provide the written notice to the sheriff as required under division (A) of this section because of a lack of knowledge, on the date specified for the provision of the written notice, of a residence, school, institution of higher education, or place of employment address change, and that the person provided notice of the residence, school, institution of higher education, or place of employment address change to the sheriff specified in division (A) of this section as soon as possible, but not later than the end of the first business day, after learning of the address change by doing either of the following:

{¶20} "The person provided notice of the address change to the sheriff specified in division (A) of this section by telephone immediately upon learning of the address change or, if the person did not have reasonable access to a telephone at that time, as soon as possible, but not later than the end of the first business day, after learning of the address change and having reasonable access to a telephone, and the person, as soon as possible, but not later than the end of the first business day, after providing notice of the address change to the sheriff by telephone, provided written notice of the address change to that sheriff.

{¶21} "The person, as soon as possible, but not later than the end of the first business day, after learning of the address change, provided written notice of the address change to the sheriff specified in division (A) of this section."

{¶22} The evidence established that on Sunday, January 30, 2010, appellant placed several phone calls to a phone number assigned to the personal secretary of the elected sheriff of Stark County. However, this is not the number provided to him to use to give notice of a change in address, and he failed to leave a message. The evidence established that appellant did not notify the sheriff of his change of address by the end of the first business day after his move.

{¶23} The first assignment of error is overruled.

II

{¶24} In his second assignment of error, appellant argues that the judgment is against the manifest weight and sufficiency of the evidence.

{¶25} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶26} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶27}** Appellant first argues that the indictment alleges that he failed to notify the sheriff of a change in address between the dates of January 9, 2010 and January 29, 2010, but he could not have violated the twenty-day notice provision between these dates because he did not have a new address on January 29, 2010. We first note that the indictment specifies that the offense occurred "on or about the 9th day of January" to "on or about the 29th day of January." Further, DeChiara testified that appellant signed a lease during the evening of January 29, 2010, and gave DeChiara $375.00 for February rent. DeChiara gave appellant the keys to the apartment that night. Therefore, the evidence established that appellant had a new residence on January 29, 2010, and appellant testified himself that he moved into the apartment on January 30, 2010, and spent that night there. Tr. 98.

**{¶28}** Appellant also argues that the judgment is against the manifest weight and sufficiency of the evidence because he had notified the sheriff that he had to leave R&R housing on January 29, 2010, and he made three attempts to call the sheriff's secretary on January 30, 2010. However, appellant did not leave a message giving his new address, nor did he contact the sheriff and leave his new address during the next week during business hours. The evidence is undisputed that while the sheriff had knowledge that appellant would have a change of address when he had to leave his housing on January 29, he did not give the sheriff the new address twenty days prior to the move or within one business day after moving into the apartment at 601 Brown Avenue.

**{¶29}** The second assignment of error is overruled.

III

**{¶30}** In his third assignment of error, appellant argues that counsel was ineffective for encouraging him to waive his right to a jury trial.

**{¶31}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶32}** Appellant appeared before the court on September 26, 2011, three days before his trial, and informed the court that he wished to waive his right to a jury trial. The trial court conducted an extensive examination to ensure that appellant understood the effect of his waiver. At no time did appellant express any reservations about his decision or indicate in any manner that he was not choosing to waive jury trial knowingly, intelligently or voluntarily. Only after he was convicted did appellant express dissatisfaction with his decision to waive jury trial and attempt to blame this decision on his attorney:

**{¶33}** "I do not see how you can, you can find me guilty, sir. And I wish to file some sort of an appeal. I knew I should have took it to trial, and this lady talked me out

of it, said Oh, it's better just to have you do it, and I took her word, and I thought you would be fair enough to understand these things and look at not just - - I don't know; there's a lot of frivolous things, and, and I, I just - - I don't understand how you can find me guilty, sir.

{¶34} "I done everything - - tried to do everything according to the law. I've been in college. I volunteered for Goodwill. I've not drank or done nothing in 12 years now. I tried to work. I worked for these people back here (indicating) for a little while, three months.

{¶35} "That's - - down here at - - where is it - - No. 3 section not altered in - - or not later than three days after changing, Your Honor, and I got ahold (sic) of him the third day which was Wednesday, the third business day. Which I don't know if that made a difference but.

{¶36} "I'm fighting for my life. I did ten years. And I never raped that girl, Your Honor. We almost had sex but she backed out and we never went no further; that was it." Tr. 126-127.

{¶37} Appellant has not demonstrated that his counsel's performance fell below an objective standard of reasonable representation. His colloquy to the court demonstrates that he agreed to the bench trial initially and only after being convicted did he second guess his decision. Further, appellant has not demonstrated that had the case proceeded to jury trial rather than bench trial, the result would have been different. By his own testimony, he did not notify the sheriff of his new address within one business day of moving. He had several excuses for his failure to do so, namely that he called the wrong number, he was busy with school, he was confused during this time

period and his parole officer knew where he was living. However, the evidence was undisputed that he failed to comply with the statutory requirement.

{¶38} The third assignment of error is overruled.

{¶39} The judgment of the Stark County Common Pleas Court is affirmed.

By: Edwards, J.

Delaney, P.J. and

Gwin, J. concur

_____

_____

_____

                                                JUDGES

JAE/r0621

[Cite as *State v. Fluharty*, 2012-Ohio-4258.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                    :
                                 :
            Plaintiff-Appellee   :
                                 :
                                 :
-vs-                             :        JUDGMENT ENTRY
                                 :
MARION R. FLUHARTY              :
                                 :
            Defendant-Appellant  :        CASE NO. 2011CA00231


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.


                                 _____

                                 _____

                                 _____
                                              JUDGES