[Cite as *State v. Smith*, 2014-Ohio-4030.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                          |     |                                            |
|--------------------------|-----|--------------------------------------------|
| STATE OF OHIO,           | :   | APPEAL NO. C-130571                         |
|                          |     | TRIAL NO. B-0704581                         |
|    Plaintiff-Appellee, | :   |                                            |
|                          |     |                                            |
|  vs.                | :   | *O P I N I O N.*                           |
|                          |     |                                            |
| CURTIS SMITH,            | :   |                                            |
|                          |     |                                            |
|    Defendant-Appellant. | :   |                                            |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 17, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Stephen P. Hardwick*, Assistant State Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**HENDON, Judge.**

### *Facts and Procedure*

{¶1}   On July 31, 2007, defendant-appellant Curtis Smith pleaded no contest to the third-degree felony of failing to provide notice of an address change, in violation of former R.C. 2950.05, the Megan's Law version of Ohio's sex-offender registration and notification law.   Smith's duty to notify of an address change was based upon his 1986 conviction for attempted rape.   He was found guilty and sentenced to two years of community control, which he subsequently violated.   For violating his community control, he was sentenced to three years' incarceration. Smith filed pro se a postsentence motion to withdraw his no-contest plea on November 10, 2011.   There is no indication in the record that the trial court ruled on the pro se motion.   On March 29, 2013, defense counsel filed a postsentence motion to withdraw Smith's no-contest plea, which the trial court overruled without a hearing on April 12, 2013.   Smith has appealed the overruling of that motion.

### *Analysis*

{¶2}   Smith's sole assignment of error alleges that the trial court erred in overruling his motion to withdraw his no-contest plea.

{¶3}   A trial court may permit a defendant to withdraw a plea of guilty or no contest after sentence "to correct manifest injustice."   Crim.R. 32.1; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; *State v. Akemon*, 173 Ohio App.3d 709, 2007-Ohio-6217, 880 N.E.2d 143, ¶ 8 (1st Dist.).   The defendant has the burden to demonstrate a manifest injustice.   *Smith* at paragraph one of the syllabus; *State v. Dye*, 1st Dist. Hamilton No. C-120483, 2013-Ohio-1626, ¶ 5.   The decision as to whether the defendant has sustained his burden is committed to the sound discretion of the trial court, and it will not be reversed absent an abuse of discretion.   *Smith* at paragraph two of the syllabus; *Dye* at ¶ 5.

2

{¶4} Citing *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, and R.C. 2901.21(B), Smith argues that a manifest injustice exists because R.C. 2950.05 does not specify a mens rea and it does not plainly indicate the purpose of the General Assembly to impose strict liability. Therefore, Smith contends, the state was required to prove that he had recklessly failed to notify the sheriff of an address change. Because the state did not allege recklessness, Smith argues, he did not admit to acting recklessly, an element of the crime, when he pleaded no contest to failing to notify of an address change. Therefore, he should be allowed to withdraw his plea.

{¶5} We first point out that Smith's duty to register arose under the civil and remedial provisions of the Megan's Law version of R.C. Chapter 2950's sex-offender classification and registration requirements, and not, as he argues, under the punitive provisions of current R.C. Chapter 2950, the Adam Walsh Act. *See State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264; *State v. Williams*, 88 Ohio St.3d 513, 728 N.E.2d 342 (2000); *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998).

{¶6} In *State v. Cook*, the Ohio Supreme Court held, without analysis, that former R.C. 2950.04, which set forth a sex offender's duty to register under Megan's Law, had no scienter requirement. *Cook* at 419. The court stated, "The General Assembly requires that offenders 'shall register' pursuant to R.C. 2950.04(A). The act of failing to register alone, without more, is sufficient to trigger criminal punishment provided in R.C. 2950.99." *Id.* at 419-420. The Supreme Court recognized the General Assembly's intent behind R.C. Chapter 2950's registration requirements in *State v. Williams*, noting that the General Assembly's stated intent was to "protect the safety and general welfare of the people of this state." *Williams* at 518. "In the opinion of the General Assembly, the classification, registration, and

notification requirements * * * are a means of assuring public protection." *Id.* The court noted that the General Assembly had made findings to support its intent to protect the safety and general welfare of the people of Ohio in enacting the Megan's Law version of R.C. Chapter 2950. *Id.* Those findings included the following: (1) providing the public with notice and information about sex offenders enables them to inform and prepare themselves and their children for the release of sex offenders; (2) disseminating information about sex offenders is justified because they pose a high risk of recidivism; and (3) protecting the public from sex offenders is "of paramount governmental interest." *Id.*

{¶7} The Eighth Appellate District held, in *State v. Beasley*, 8th Dist. Cuyahoga No. 77761, 2001 Ohio App. LEXIS 4353 (Sept. 27, 2001), that the Megan's Law version of R.C. 2950.05 imposed strict liability for failing to notify of an address change. Citing *Williams*, the *Beasley* court stated that the requirement that sex offenders provide notice of an address change "is intended for the public safety and well-being. It is thus a mala prohibita act, and constitutes a strict liability offense." The *Beasley* court also noted that former R.C. 2950.05 stated that no person who is required to notify a sheriff of an address change "shall fail" to do so, indicating a "legislative intent to impose strict liability." *Id.* at *9. The Ninth Appellate District cited *Beasley* and *Williams* in *State v. Hardy*, 9th Dist. Summit No. C.A. No. 21015, 2002-Ohio-6457, holding that the crime of failing to verify a current address in violation of the Megan's Law version of R.C. 2950.06 was a strict-liability offense. The *Hardy* court stated, "In light of the legislative intent behind R.C. 2950, along with the above-mentioned caselaw, the Court finds that R.C. 2950.06 plainly indicates a legislative intent to impose strict liability for its violation." *Id.* at ¶ 22.

{¶8} In *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268, ¶ 4, the Ohio Supreme Court stated that "R.C. 2901.21(B) sets forth the requisite

4

test for determining whether a criminal statute is a strict-liability offense." R.C. 2901.21(B) provides that when there is "no degree of culpability" specified in the Revised Code section defining an offense, and the section "plainly indicates a purpose to impose strict criminal liability, * * * then culpability is not required for a person to be guilty of the offense." If the section does not specify "culpability [or] plainly indicate a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." R.C. 2901.21(B). In order to impose strict liability, "the statute must clearly show such legislative intent." *Moody* at ¶ 6. "The fact that the statute contains the phrase 'no person shall' does not mean that it is a strict criminal liability offense." *Id.* at ¶ 16, citing *State v. Collins*, 89 Ohio St.3d 524, 733 N.E.2d 1118 (2000).

{¶9} While noting that *Moody* stated that "the usage of the phrase 'no person shall' does not by itself evince a plain legislative intent to impose strict liability," the Tenth Appellate District held in *State v. Blanton*, 184 Ohio App.3d 611, 2009-Ohio-5334, 921 N.E.2d 1103 (10th Dist.), that failing to provide notice of an address change under the Megan's Law version of R.C. 2950.05 was a strict liability offense. The *Blanton* court looked at indicia other than the phrase "no person shall" to "determine whether the General Assembly intended to impose strict liability," including (1) whether the statute specified a mental state for one element of the crime and omitted it from another, (2) whether the offense was malum prohibitum, and (3) whether the legislature had taken a "strong stance" against that type of crime. *Id.* at ¶ 19. The *Blanton* court determined that R.C. 2950.05 constituted a malum prohibitum offense, an act that is criminal because it is prohibited by statute and not necessarily because the act itself is immoral. And the court found that the malum prohibitum nature of the offense supported the conclusion that the General Assembly intended R.C. 2950.05 to define a strict-liability offense. *Id.* at ¶ 21. The

court further stated that "based on the history, progression, and stated purpose of R.C. Chapter 2950, we believe the General Assembly has taken a 'strong stance' to protect the public from sex offenders." *Id.* at ¶ 25. *Accord State v. Robinson*, 6th Dist. Erie No. E-07-020, 2009-Ohio-2921, ¶ 17 (the wording of the Megan's Law version of R.C. 2950.05 " 'plainly indicates a purpose to impose strict liability' within the meaning of R.C. 2901.21(B)"). *See State v. Stansell*, 2d Dist. Montgomery No. 23630, 2010-Ohio-5756 (indictment for failure to notify under R.C. 2950.05 not defective for failing to allege a mens rea of recklessness because the statute imposes strict liability, and a mens rea element is not required); *State v. Ramsey*, 1st Dist. Hamilton No. C-090076, 2010-Ohio-2456 (failure to verify a current address under the Adam Walsh Act version of R.C. 2950.06 is a strict liability offense).

{¶10} In *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, paragraph two of the syllabus, the Ohio Supreme Court held that "R.C. 2901.21(B) does not supply the mens rea of recklessness unless there is a complete absence of mens rea in the section defining the offense and there is no plain indication of a purpose to impose strict liability." Specifically, *Johnson* held that a conviction under R.C. 2923.13(A)(3) for having weapons while under a disability does not require proof of a culpable mental state for the element that the offender has been convicted of a drug offense. *Id.* at paragraph one of the syllabus.

{¶11} Smith argues that *Johnson* requires the application of R.C. 2901.21(B) to supply the mental state of recklessness to alleged violations of the sex-offender notification and registration statutes because they do not contain a mental state. We disagree. Ohio has a long line of precedent recognizing that the General Assembly's plain purpose was to impose strict liability for violations of R.C. Chapter 2950. We do not see how the holding in *Johnson* changes that analysis. *See State v. Stewart*, 8th Dist. Cuyahoga No. 94863, 2011-Ohio-612 (noting *Johnson* in holding that the

Adam Walsh Act version of R.C. 2950.05 is a strict-liability offense, and declaring that "until the Supreme Court holds that a violation of R.C. 2950.05 is not a strict liability offense, we continue to follow the law in our district").

### *Conclusion*

{¶12}   Failure to notify of an address change under the Megan's Law version of R.C. 2950.05 is a strict-liability offense.  Because Smith has failed to demonstrate a manifest injustice, the trial court did not err in overruling his motion to withdraw his no-contest plea.  The assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry this date.