[Cite as *State v. Gegen*, 2022-Ohio-2462.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-L-121** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| TREVOR K. GEGEN, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 000550 |

**O P I N I O N**

Decided: July 18, 2022
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, *Teri R. Daniel*, Assistant Prosecutor, and *Haley L. Gold*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Allison S. Breneman*, P.O. Box 829, Willoughby, OH 44096 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Trevor Gegen, appeals his conviction for Failure to Notify Change of Address, a second-degree felony, from the Lake County Court of Common Pleas. Appellant raises two assignments of error and argues that his conviction is not supported by sufficient evidence and that it is against the manifest weight of the evidence.

{¶2} After review of the record and the applicable case law, we find appellant's assignments of error to be without merit. Appellant's conviction was supported by sufficient evidence that satisfied each element of the offense. Further, the conviction was

not against the manifest weight of the evidence because the greater amount of credible evidence supported the jury's finding of guilt.

{¶3} The judgment of the Lake County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶4} In June 2021, the Lake County Grand Jury indicted appellant for Failure to Notify Change of Address, a second-degree felony in violation of R.C. 2950.05(F)(1); Failure to Notify Change of Vehicle Registration, a second-degree felony in violation of R.C. 2950.05(F)(1); and Tampering with Records, a third-degree felony in violation of R.C. 2913.42(A)(1).

{¶5} At jury trial, the parties stipulated that the most serious sexually oriented offense that was the basis of appellant's sex offender registration requirement was a felony of the second degree. The parties further stipulated that he had a prior conviction for Failure to Register Change of Address in case number 14-CR-0000090457.

{¶6} Sergeant Robert Harps of the Lake County Sheriff's Office, in his capacity in the Sex Offender Registration Notification (SORN) division, testified that he investigated appellant. He said that when a sex offender first moves into Lake County, they must complete paperwork with the Lake County Sheriff's Office. Harps said that when appellant moved into Lake County, he completed this registration. The State introduced appellant's initial offender registration form with the Lake County Sheriff's Office. On that form, appellant listed his address as in Wickliffe, Ohio in Lake County beginning August 15, 2020. Appellant did not give a secondary address.

{¶7} Based on his offender tier level, appellant was also required to report every 90 days to the Sheriff's Office to confirm his address. On March 15, 2021, appellant

2

completed this 90-day registration form. On that form, he indicated that his address remained at the Wickliffe residence with no secondary residence.

{¶8} Harps testified that an investigation into appellant's residence began on March 24, 2021, when he did a compliance check on appellant. During the check, Harps observed that none of appellant's personal belongings were at the Wickliffe residence.

{¶9} The next day, Harps called appellant and spoke to him on the phone and recorded the call. Appellant stated that he had not moved out. Harps then drove to the Wickliffe residence and found appellant at the residence. He spoke to appellant in person, Mirandized him, and asked him about his current address. Harps recorded this conversation, and it was admitted into evidence.

{¶10} During the conversation, appellant admitted that he had moved out of the Wickliffe residence on February 1, 2021. He stated that he moved to Jefferson, Ohio in Ashtabula County that same day. Appellant indicated that he had moved in with his friend, Emma Orvos, and spent approximately one month living there. After that, he admitted that he had been kicked out of the Ashtabula residence and lived in his car, parking primarily in a Wal-Mart parking lot in Girard, Ohio in Trumbull County. Finally, he admitted that he lied on the registration form when he stated that his residence was still in Wickliffe on March 15, 2021. At no point between February 1, 2021, when appellant moved out of the Wickliffe residence and March 25, 2021, when Harps interviewed appellant, did he notify the Lake County Sheriff's Office of his change of address.

{¶11} Olivia Bacher testified that she and her boyfriend allowed appellant to live with them at the Wickliffe residence starting in August 2020. She said that in February

3

2021, appellant moved out after her and her boyfriend asked him to leave. She said that between February and March, appellant did not live at the Wickliffe residence.

{¶12} Emma Orvos next testified that she lived in Jefferson, Ohio in Ashtabula County. She said that in the beginning of February 2021, appellant asked to move into her residence. She said that he did not bring a lot of his personal belongings beyond clothes, a tv and gaming console, and some nightstands. She said that during this time he did not stay with her every day. She said that he moved out by the beginning of March 2021.

{¶13} After the State's case in chief, appellant moved for a Crim.R. 29 motion of acquittal, which the trial court denied. The jury found appellant guilty on all counts. Counts Two and Three merged with Count One for sentencing purposes and the trial court sentenced appellant to an indefinite prison term of three years to four and one-half years. Appellant timely appealed and raised two assignments of error

## Assignments of Error and Analysis

{¶14} Appellant's assignments of error state:

{¶15} "[1.] The Jury found, against the manifest weight of the evidence, that the Appellant committed the acts alleged in the indictment."

{¶16} "[2.] The evidence was not legally sufficient to sustain a guilty verdict."

**Sufficiency of the evidence:**

{¶17} "'Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed.1990) 1433. *See, also,* Crim.R. 29(A)." *State v. Thompkins*, 78 Ohio St. 3d 380, 386, 678 N.E.2d 541

4

(1997). The appellate court's standard of review for sufficiency of evidence is to determine, after viewing the evidence in a light most favorable to the prosecution, whether a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶18} When evaluating the adequacy of the evidence, we do not consider its credibility or effect in inducing belief. *Thompkins* at 387. Rather, we decide whether, if believed, the evidence can sustain the verdict as a matter of law. *Id.* This naturally entails a review of the elements of the charged offense and a review of the State's evidence. *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶ 13.

{¶19} In this case, appellant was convicted of one count of Failure to Notify Change of Address, in violation of R.C. 2950.05(F)(1), which provides: "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division."

{¶20} Division (A) states that an offender must provide written notice to the sheriff at least 20 days prior to changing his residence address. Further, "[i]f a residence address is not to a fixed address, the offender * * * shall include in that notice a detailed description of the place or places at which the offender * * * intends to stay and, not later than the end of the first business day immediately following the day on which the person obtains a fixed residence address, shall provide that sheriff written notice of that fixed residence address." R.C. 2950.05(A).

{¶21} The evidence demonstrates that the State put forth sufficient evidence to sustain the jury verdict as a matter of law. The parties stipulated that appellant was a

5

convicted sex offender and was therefore required to notify a sheriff of a change of address pursuant to R.C. 2950.05(A). Next, the State admitted into evidence appellant's August 2020 registration with the Lake County Sheriff's Office stating that his address was the Wickliffe residence. As of March 15, 2021, appellant stated on his regular 90-day registration form that he continued to reside at the Wickliffe residence.

{¶22} Harps testified that he talked to appellant on March 25, 2021. The State introduced the recording of that conversation. In that conversation, appellant admitted that he had moved out of the Wickliffe residence on or around February 1, 2021, and that he moved to Jefferson, Ohio in Ashtabula County. He said that he lived there for approximately one month and then became homeless and lived in his car staying at a Wal-Mart parking lot in Girard, Ohio in Trumbull County. Appellant did not provide written notice of his change of address as required by R.C. 2950.05(A).

{¶23} In viewing these facts in a light most favorable to the prosecution, the State presented sufficient evidence that appellant changed his address from the registered Wickliffe residence and that he failed to notify a sheriff of the change of address in violation of R.C. 2950.05(F).

{¶24} Accordingly, appellant's second assignment of error is without merit.

**Manifest Weight of the Evidence:**

{¶25} Appellant also argues that his conviction was against the manifest weight of the evidence. "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins,* 78 Ohio St. 3d at 389. Weight of the evidence concerns "the inclination of the *greater amount of credible evidence*,

6

Case No. 2021-L-121

offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them." (Emphasis sic.) *Id.* at 386, quoting Black's Law Dictionary 1594 (6th Ed.1990).

{¶26} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*

{¶27} The reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶28} The trier of fact is the sole judge of the weight of the evidence and the credibility of the witnesses. *State v. Landingham*, 11th Dist. Lake No. 2020-L-103, 2021-Ohio-4258, ¶ 22, quoting *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). The trier of fact may believe or disbelieve any witness in whole or in part, considering the demeanor of the witness and the manner in which a witness testifies, the interest, if any of the outcome of the case and the connection with the prosecution or the defendant. *Id.,* quoting *Antil* at 67. This court, engaging in the limited weighing of the evidence introduced

7

at trial, must defer to the weight and factual findings made by the jury. *State v. Brown*, 11th Dist. Trumbull No. 2002-T-0077, 2003-Ohio-7183, ¶ 52, citing *Thompkins* at 390 and *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph two of the syllabus.

**{¶29}** A finding that a judgment is supported by the manifest weight of the evidence necessarily means the judgment is supported by sufficient evidence. *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶32.

**{¶30}** A failure to provide change of address is a strict liability offense. *See, e.g., State v. Blanton*, 184 Ohio App.3d 611, 2009-Ohio-5334, 921 N.E.2d 1103, ¶ 21 (10th Dist.). Culpability is thus not required for a person to be found guilty. R.C. 2901.21(B). Here, appellant has not raised the affirmative defense of impossibility. *See* R.C. 2950.05(G).

**{¶31}** Appellant has focused his challenge on two factors he believes demonstrate his conviction was against the manifest weight of the evidence: the certainty of the evidence and fragmentary evidence. *See State v. Mattison*, 23 Ohio App.3d 10, 14, 490 N.E.2d 926 (8th Dist.1985) (delineating eight guidelines to consider in weighing evidence).

**{¶32}** Appellant argues that there is no certain proof that he failed to report a change of address as required. He notes that Orvos testified that appellant did not stay every day at her Ashtabula residence. She also said that appellant did not move many personal belongings into the residence. Appellant suggests that this would indicate that he still formally lived at the Wickliffe residence and only occasionally visited Orvos in Ashtabula.

8

{¶33} Appellant's arguments go to the credibility of the witnesses. "It is well-settled that when assessing the credibility of witnesses, '[t]he choice between the credibility of witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.' * * * Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict." *State v. Mugrage*, 11th Dist. Portage No. 2020-P-0066, 2021-Ohio-4136, ¶ 142, quoting *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984).

{¶34} Appellant himself admitted to Harps that he moved out of the Wickliffe residence in early February 2021, subsequently left the Ashtabula residence, and was homeless and living out of his car in a Wal-Mart parking lot in Girard, Ohio.

{¶35} Bacher testified that appellant moved out of the Wickliffe residence in the beginning of February 2021. Orvos similarly testified that appellant moved in with her at the Ashtabula residence in February 2021. Although Orvos was not specific in stating which days appellant stayed with her, she unequivocally testified that appellant moved into the Ashtabula residence and that he resided there for approximately one month.

{¶36} Under R.C. 2950.05, appellant was required to notify a sheriff of changes to his address by virtue of his prior conviction and he did not do so. The greater weight of the evidence shows "clearly to the jury that the party having the burden of proof" was entitled to its verdict. *See Thompkins,* 78 Ohio St. 3d at 386. This is not the extraordinary case where the "jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See Id.* at 387.

{¶37} Accordingly, appellant's first assignment of error is without merit.

9

Case No. 2021-L-121

{¶38} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.