[Cite as *State v. Ramsey*, 2022-Ohio-3389.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-02-003 |
| | : | O P I N I O N |
| - vs - | | 9/26/2022 |
| | : | |
| REMICK D. L. RAMSEY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20210328

Jess C. Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

**HENDRICKSON, J.**

{¶1}   Appellant, Remick D.L. Ramsey, appeals from his conviction for one count of failure to register as a sex offender in violation of R.C. 2950.05(F)(1) and R.C. 2950.99(A)(1)(b)(iii).  For the reasons set forth below, we affirm Ramsey's conviction.

{¶2}   In June of 2008, Ramsey was convicted of unlawful sexual conduct with a minor, requiring him to register as a sex offender for the next 25 years.  On October 12,

2021, an officer with Fayette County, Sergeant Fausnaugh, served Ramsey with a 10-day notice of eviction at his grandmother's home where Ramsey had resided since 2017. During this process, Fausnaugh reminded Ramsey of his duty to inform the sheriff's department of his new address, or if he had no new address, to report the places he intended to stay to the sheriff and sign in daily.

{¶3} On October 22, 2021, Sergeant Fausnaugh executed the eviction. During the four and one-half hour eviction, Fausnaugh reminded Ramsey of his duty to inform the sheriff's department of his new address. During this time, Ramsey used a phone and appeared to place a call to WBNS 10 TV Columbus to request that somebody from the station come down to the residence to document a "wrongful eviction."[1] Ramsey then made additional phone calls to other individuals to request assistance in moving his property out of the home. Shortly thereafter, a few people arrived to help Ramsey move some of his belongings.

{¶4} Ramsey told Sergeant Fausnaugh that he had nowhere else to go, so many of his belongings, packed into his camper and a few other vehicles, sat in the shared driveway of the adjacent property for four or five days. During this time, a few of Ramsey's friends moved some of Ramsey's property to an address in Bloomingburg, Ohio. The property manager also checked in on Ramsey as he sat in the driveway, but Ramsey did not ask to borrow her phone to call the sheriff's department. On October 24 or 25, Ramsey relocated himself and the remainder of his belongings to the Bloomingburg address.

{¶5} On October 28, 2021, Ramsey had not made contact with the sheriff's department and a warrant was issued for his arrest. Ramsey was arrested at the address in Bloomingburg and the matter proceeded to a bench trial. At trial, Ramsey stipulated to

---

1. Ramsey testified that he only pretended to call the TV station.

his prior conviction for unlawful sexual conduct with a minor and his prior conviction for failure to register as a sex offender. At the close of all the evidence, Ramsey's trial counsel made a Crim.R. 29 motion, claiming that the state did not establish a prima facia case. The motion was denied. The trial court convicted Ramsey for failing to notify the sheriff of his address change in violation of R.C. 2950.05(F)(1) and sentenced him to 24 months in prison.

{¶6} Ramsey now appeals his conviction, raising four assignments of error for our review.

{¶7} Assignment of Error No. 1:

{¶8} THE TRIAL COURT ERRED IN FINDING THE MENS REA OF R.C. 2950.05(F)(1) IS STRICT LIABILITY IN VIOLATION OF THE DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.

{¶9} Ramsey contends that because R.C. 2950.05(F)(1) does not explicitly state a level of culpability, recklessness is the implied mental state and must be proven. We disagree.

{¶10} R.C. 2950.05(F)(1) states that no person who is required to notify a sheriff of a change of address pursuant to division (A) of the section "shall fail to notify" the appropriate sheriff in accordance with that division. There is no specific mens rea in the statute, and thus Ramsey argues that R.C. 2901.21(B) applies. This section states:

> When the language defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense.

R.C. 2901.21(B).

**{¶11}** Because Ramsey argues that the statute requires a mens rea of recklessness, he likely meant to point this court to R.C. 2901.21(C)(1), which states:

> When language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts recklessly.

R.C. 2901.21(C)(1).[2]

**{¶12}** Thus, Ramsey's argument is that R.C. 2950.05(F)(1) requires recklessness because the General Assembly's intent to impose strict liability is unclear.

**{¶13}** In *State v. Cook*, the Ohio Supreme Court found that R.C. 2950.04, which requires that sex offenders "shall register personally with the sheriff," does not have a scienter requirement. *State v. Cook*, 83 Ohio St.3d 404, 419 (1998) ("The act of failing to register alone, without more, is sufficient to trigger criminal punishment provided in R.C. 2950.99."). This finding has led the first, second, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh appellate districts in Ohio to hold that R.C. 2950.05 imposes strict liability.[3] To date, there are no Ohio appellate districts that hold that violations of R.C. 2950.05 require

---

2. R.C. 2901.21(B) was amended in 2014. Previously, it read: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." R.C. 2901.21(B).

3. *State v. Smith*, 1st Dist. Hamilton No. C-130571, 2014-Ohio-4030, ¶ 12 (finding that a failure to notify of an address change under R.C. 2950.05 is a strict liability offense); *State v. Stansell*, 2nd Dist. Montgomery No. 23630, 2010-Ohio-5756, ¶ 21 (finding that an indictment for violations of R.C. 2950.05(A) and (F)(1) do not require the inclusion of a mental state); *State v. Smithhisler*, 5th Dist. Knox No. 15-CA-27, 2017-Ohio-5725, ¶ 37 (stating that the failure to provide change of address is a strict liability offense); *State v. Robinson*, 6th Dist. Erie No. E-07-020, 2009-Ohio-2921, ¶ 17 (finding that a failure to register as required under R.C. 2950.05(A) is a strict liability offense); *State v. Savors*, 7th Dist. Columbiana No. 09-CO-32, 2010-Ohio-6084, ¶ 19 (failure to register is a strict liability offense); *State v. Stewart*, 8th Dist. Cuyahoga No. 94863, 2011-Ohio-612, ¶ 12 ("[W]e find that a violation of R.C. 2950.05(F)(1) is a strict liability offense."); *State v. Hardy*, 9th Dist. Summit No. 21015, 2002-Ohio-6457, ¶ 23 (finding that appellant's failure to timely verify his current address as defined in R.C. 2950.06 is a strict liability offense); *State v. Blanton*, 10th Dist. Franklin No. 08AP-844, 2009-Ohio-5334, ¶ 26 (finding that R.C. 2950.05 indicates a plain legislative intent to impose strict liability); *State v. Gegen*, 11th Dist. Lake No. 2021-L-121, 2022-Ohio-2462, ¶ 30 ("A failure to provide change of address is a strict liability offense.").

any element of culpability.

{¶14} A statute imposes strict liability when the statute clearly shows a legislative intent to do so. *State v. Moody*, 104 Ohio St.3d 244, 246 (2004) ("[F]or strict liability to be the mental standard, the statute must plainly indicate a purpose to impose it."). While the language "no person shall" does not automatically impose strict liability, other indicia demonstrate the General Assembly's intent to do so. *State v. Smith*, 1st Dist. Hamilton No. C-130571, 2014-Ohio-4030, ¶ 8–9. These indicia include (1) whether the statute specified a mental state for one element of the crime and omitted it from another, (2) whether the offense was malum prohibitum, and (3) whether the legislature had taken a "strong stance" against that type of crime. *State v. Blanton*, 10th Dist. Franklin No. 08AP-844, 2009-Ohio-5334, ¶ 19; *State v. Maxwell*, 95 Ohio St.3d 254, 258 (2002); *State v. Clay*, 120 Ohio St. 3d 528, 532 (2008).

{¶15} As for the first consideration, no portion of R.C. 2950 specifies an element of culpability. Thus, the first consideration "provides no guidance on the issue of whether the General Assembly intended to define a strict liability offense." *Blanton* at ¶ 20.

{¶16} As for the second indicia, several Ohio appellate courts find that sexual offender registration laws are mala prohibita—acts made unlawful for the good of the public welfare regardless of the offender's state of mind. *State v. Stansell*, 2nd Dist. Montgomery No. 23630, 2010-Ohio-5756, ¶ 20; *State v. Stewart*, 8th Dist. Cuyahoga No. 94863, 2011-Ohio-612, ¶ 17; *Smith* at ¶ 7; *State v. Hardy*, 9th Dist. Summit No. 21015, 2002-Ohio-6457, ¶ 17. Failing to notify the sheriff of a change of address, required by R.C. 2950.05, is not an immoral act by itself; instead, the act is a crime merely because of an individual's prior convictions and the existence of R.C. 2950.05. *Blanton* at ¶ 10. Further, the offense is regulatory in nature, "designed to protect the health, safety and well-being of the community," indicating that strict liability attaches. *State v. Finn*, 2nd Dist. Montgomery No.

- 5 -

22914, 2009-Ohio-4949, ¶ 29. Because R.C. 2950.05 is considered malum prohibitum, this further indicates the General Assembly's intent to impose strict liability for violations.

{¶17} The final consideration is whether the General Assembly has taken a "strong stance" against these types of crimes. Ohio implemented sex offender registration statutes in 1963. *Cook*, 83 Ohio St.3d at 406 (1998). Over time, the General Assembly has repeatedly amended the statutes to impose additional obligations, resulting in stricter and more burdensome requirements. *State v. Williams*, 114 Ohio St.3d 103, 106 (2007). The General Assembly's intent in repealing and reenacting the statute has been to "protect the safety and general welfare of the people of this state." R.C. 2950.02(B); *Cook* at 406. The General Assembly also recognizes that sexual predators and habitual sexual offenders pose a high risk of recidivism, and thus has made an effort through legislation to ensure the public is informed about sex offenders. R.C. 2950.02(A)(1); *State v. Hayden*, 96 Ohio St.3d 211, 213 (2002). The protection of the public from sex offenders is deemed a "paramount governmental interest." R.C. 2950.05(A)(2). Together, this demonstrates that the General Assembly has taken a "strong stance" regarding violations of registration and notice requirements for sex offenders, which supports a finding that the statute imposes strict liability.

{¶18} Thus, the language of R.C. 2950, the other indicia of strict liability offenses, and the established case law throughout Ohio, support a finding that R.C. 2950.05(F)(1) indicates a plain legislative intent to impose strict liability. Accordingly, Ramsey's first assignment of error is overruled.

{¶19} Ramsey does little to distinguish his arguments under his second and third assignments of error, as he raises similar issues under each assignment. As his arguments for each assignment are interrelated, we will address them together.

{¶20} Assignment of Error No. 2:

{¶21} THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST THE DEFENDANT-APPELLANT, WHICH WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶22} Assignment of Error No. 3:

{¶23} THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST APPELLANT WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶24} Ramsey argues in his second and third assignments of error that his conviction was not supported by sufficient evidence and his conviction was against the manifest weight of the evidence. In addition, Ramsey makes vague arguments throughout his brief regarding the affirmative defense of impossibility. We address those arguments here.

{¶25} Sufficiency is essentially a test of adequacy, asking whether the evidence is legally sufficient to sustain a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When evaluating the adequacy of the evidence, we do not consider its credibility or effect in inducing belief. *State v. Richardson*, 150 Ohio St.3d 554, 557 (2016). Instead, we are to review the state's evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Erdmann*, 12th Dist. Clermont Nos. CA2018-06-043 and CA2018-06-044, 2019-Ohio-261, ¶ 21. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶26} In contrast, a manifest weight challenge "concerns the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other; weight is not a question of mathematics, but depends on its effect in inducing belief." *State v. Babyak*, 12th Dist. Madison Nos. CA2009-10-023 and CA2010-03-006,

2010-Ohio-3820, ¶ 17. In reviewing the record, we must ask if the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered." *State v. Cephas*, 12th Dist. Buter No. CA2021-05-051, 2021-Ohio-4356, ¶ 9. While our review requires us to consider the credibility of witnesses and weight given to the evidence, "these issues are primarily matters for the trier of fact to decide." *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81.

{¶27} Here, Ramsey was convicted of one count of failure to notify change of address in violation of R.C. 2950.05(F)(1), which states that "[n]o person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division." R.C. 2950.05(F)(1). Division (A) states that an offender must provide written notice to the sheriff at least 20 days prior to changing his residence address, but if the residence is not a fixed address, then the offender is to provide a description of the place or places in which the offender intends to stay. R.C. 2950.05.(A). Once the offender obtains a fixed residence, then the offender must provide the sheriff with written notice of that address no later than the end of the first business day immediately following the day on which the person obtains a fixed residence address. *Id.*

{¶28} At the close of the evidence, the trial court stated, "Well, it would seem that all Mr. Ramsey had to do was drive to the sheriff's office or call the sheriff's office and say, 'I'm living at the * * * in Bloomingburg, that's my residence,' he's now registered and that starts a whole new set of requirements if he would move from that residence."

{¶29} Ramsey appears to argue that the above statement shows that the trial court did not find him guilty of failing to report a change in residence due to his eviction because it instead found that he satisfied the affirmative defense of impossibility. Ramsey asserts that the statement shows that the court convicted him only because it found that he failed

to report his new Bloomingburg residence to the sheriff. Ramsey states that once the sheriff is notified of a change of address for a homeless person, there is no duty to further notify the sheriff until a residence is found. Thus, Ramsey argues that because his duty to notify the sheriff due to the eviction was excused based on the defense of impossibility, and the Bloomingburg address was not his new residence, he had no duty to report the change. He also summarily argues that because the trial court supposedly found that he satisfied the affirmative defense regarding the eviction, his conviction should be overturned.

{¶30} We disagree with Ramsey's misguided analysis of the trial court's statement. We do not agree that this statement secures a finding by the trial court that Ramsey satisfied the defense, or that it demonstrates that the trial court convicted him only because it found the Bloomingburg address to be his residence. There was sufficient evidence presented at trial to demonstrate that Ramsey had a duty to report a change in address—for both the eviction and his relocation to the Bloomingburg address—and that he failed to do so. Further, the manifest weight of the evidence supports his conviction.

{¶31} The parties stipulated at trial that Ramsey was a convicted sex offender and was therefore required to notify the sheriff of any change of address. Ramsey argues that because he sat in the shared driveway of his old residence for several days with many of his belongings after the eviction, the state did not demonstrate that he changed addresses, and thus he did not trigger the requirements of R.C. 2950.05(A). However, an address change occurs when an offender no longer lives at their previous address. *State v. Lowry*, 12th Dist. Fayette No. CA2010-12-036, 2011-Ohio-2850, ¶ 16. Once a defendant becomes homeless, his address changes and he is required to report that change. *Id.*; *State v. Beasley*, 8th Dist. Cuyahoga No. 77761, 2001 Ohio App. LEXIS 4353, *15. Thus, it follows that once an individual is evicted, they no longer live at their previous address, meaning their address has changed.

{¶32} Sergeant Fausnaugh testified that Ramsey "expressed concern" on the day of the eviction that "he didn't have any place to go and didn't know where he was going to go." Fausnaugh also testified that he explained to Ramsey that if Ramsey was going to be "homeless or couch surfing," that he would have to sign in daily at the sheriff's office and "let us know where [you] [were] going to be." While Ramsey is correct that R.C. 2950.05 does not require individuals who are homeless to report daily to the sheriff's department, it does require offenders to report to the sheriff once their address changes. The statute specifically describes a sex offender's registration responsibilities when he is not moving to a fixed address. *Lowry* at ¶ 18. The purpose of this is to permit the sheriff's department to locate and keep track of sexually oriented offenders, even those who do not have permanent residences. *State v. Smith*, 9th Dist. Summit No. 22550, 2006-Ohio-158, ¶ 15; *State v. Ohmer*, 1st Dist. Hamilton No. C-040871, 2005-Ohio-3487, ¶ 17. Thus, it makes no difference that Ramsey stayed in the shared driveway of the home from which he was evicted for four or five days. When Ramsey was evicted, he became homeless and his address changed, which triggered the requirements to report the change.

{¶33} Further, Ramsey testified that he left the property from which he was evicted around October 24 or 25 and went to the new address in Bloomingburg for "roughly three" days. Under the statute, Ramsey was to provide the sheriff notice of this change as well. Ramsey argues that the trial court erred in finding him guilty of failing to report because it improperly found that this address was a "residence," but whether this new address is considered a "residence" is irrelevant. The "place or places" where Ramsey intended to stay changed, for a second time, and he was required to report that change to the sheriff. R.C. 2950.05(A).

{¶34} We now turn to a discussion of the affirmative defense of impossibility. Under R.C. 2950.05(G)(1), a sex offender may demonstrate that it was impossible to comply with

the requirements of R.C. 5950.05 by showing (1) a lack of knowledge of the address change on the date specified for the provision of the written notice, and (2) that he provided notice of the address change by telephone upon learning of the address change, or if the person did not have reasonable access to a telephone, as soon as possible, but not later than the end of the first business day after learning of the address change.  R.C. 2950.05(G)(1). Both a lack of knowledge of the address change and a telephone call or other notice to the sheriff are required to satisfy the defense.

{¶35} We do not agree with Ramsey that the trial court's statement that "all Mr. Ramsey had to do was call" is a finding that Ramsey satisfied the affirmative defense. Simply because the court mentioned that Ramsey could have called the sheriff to report his address change is not enough to establish that the trial court found that the defense was satisfied.

{¶36} The trial court heard evidence that Ramsey had both knowledge of the address change and had reasonable access to a telephone.  Ramsey was served with an eviction notice by Sergeant Fausnaugh on October 12, 2021, ten days before the eviction. Ramsey also testified that he had been working on packing up his things since the day he was served with the eviction notice.  This was a not a situation where Ramsey was evicted from his home without any notice.[4]

{¶37}  There was some conflicting testimony from Sergeant Fausnaugh and Ramsey regarding whether Ramsey made phone calls to his friends using his own phone, using a friend's phone, and whether he generally had access to a phone.  Ramsey testified that while he sat in the driveway for those four or five days, the property manager offered her

---

4. The Fifth District reversed a conviction under R.C. 2950.05 where the defendant's sudden eviction from his residence prevented him from giving notice of an address change.  *State v. Ascoine*, 5th Dist. Stark No. 2003CA00001, 2003-Ohio-4145, ¶ 17.  The statute was later amended to provide for the affirmative defense of impossibility.

assistance, but he didn't ask to use her phone because he "didn't want to burden her." The trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. *State v. Johnson*, 12th Dist. Warren Nos. CA2019-07-076 and CA2019-08-080, 2020-Ohio-3501, ¶ 24. It is "entirely appropriate for the trier of fact to believe the testimony of some witnesses while disregarding the testimony of other witnesses." *State v. Lloyd*, 12th Dist. Warren Nos. CA2007-04-052 and CA2007-04-053, 2008-Ohio-3383, ¶ 51. Thus, based on the testimony, it is entirely appropriate for the trial court to believe that Ramsey had the ability to call the sheriff's department and failed to do so.

{¶38} Regardless of Ramsey's ability to use his own cell phone, the property manager's phone, or a friend's phone to call the sheriff's department, the record shows that Ramsey knew of the address change in advance of the eviction. He did not demonstrate a lack of knowledge and the trial court did not find that he could satisfy the affirmative defense of impossibility. Neither do we.

{¶39} After a review of the record, we find that the state put forth sufficient evidence to demonstrate that Ramsey had a duty to report his change of address—for both the eviction and his relocation to the Bloomingburg address—and that he failed to do so within the applicable time frame. The trial court did not lose its way in finding that Ramsey was rendered homeless due to his eviction and that he failed to timely notify the sheriff of the place or places at which he intended to stay. The greater weight of the evidence shows that due to his changes in address, Ramsey was required to notify a sheriff of the changes, and he did not do so. Further, the record does not demonstrate that the trial court found the affirmative defense of impossibility satisfied. Accordingly, Ramsey's second and third assignments of error are overruled.

{¶40} Assignment of Error No. 4:

{¶41} TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION. [sic]

{¶42} In Ramsey's fourth assignment of error, he argues that his trial counsel rendered ineffective assistance. Ramsey's counsel moved for acquittal under Crim.R. 29 at the close of all evidence, but Ramsey asserts that had his counsel made the motion at the close of the state's case, the court would not have found him guilty because the state failed to provide any evidence that Ramsey had relocated to a new residence that required him to report a change.

{¶43} A claim for ineffective assistance of counsel requires the appellant to show that trial counsel was both deficient and he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687–688 (1984); *State v. Reeves*, 12th Dist. Clermont No. CA2020-01-001, 2020-Ohio-5565, ¶ 32. Trial counsel's performance is deemed deficient only when it falls below an objective standard of reasonableness. *Reeves* at ¶ 32. Prejudice is shown by establishing that but for trial counsel's errors, there is a reasonable probability that the outcome at trial would have been different. *Id.* Generous deference is given to the strategic choices made by trial counsel in determining whether counsel's performance was constitutionally ineffective. *Strickland* at 689.

{¶44} We find that trial counsel's decision not to move for acquittal at the close of the state's case was not ineffective. The failure to assert a motion for acquittal under Crim.R. 29 is not, per se, ineffective assistance of counsel. *State v. Miller*, 12th Dist. Clermont No. CA2011-04-028, 2012-Ohio-995, ¶ 28. Though it is customary for trial counsel to make a Crim.R. 29 motion to test the sufficiency of the state's evidence, the

failure to do so does not mean that trial counsel's performance fell below an objective standard of reasonableness. *State v. Cooperstein*, 12th Dist. Warren No. 2018-09-117, 2019-Ohio-4742, ¶ 31. "As a general matter, the failure of trial counsel to make a Crim.R. 29 motion does not constitute ineffective assistance of counsel when the state's case-in-chief links the defendant to the crimes of which he or she is accused." *Reeves* at ¶ 33.

{¶45} As discussed above in our resolution of Ramsey's second and third assignments of error, there was sufficient evidence presented at trial to support Ramsey's conviction for failing to register under R.C. 2950.05(F)(1). The state presented testimony from Sergeant Fausnaugh that Ramsey was evicted from his home, which constitutes a change in residence, and triggers the reporting requirements. The state also presented evidence that Ramsey knew about his address change and failed to report it to the sheriff's department. Thus, any Crim.R. 29 motion made by trial counsel would have been futile. Accordingly, Ramsey's trial counsel did not provide ineffective assistance by failing to move for acquittal at the close of the state's evidence, and his fourth assignment of error is overruled.

{¶46} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.